UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------X
JOEL MENKES, et al.,                              :
                                                  :
                    Plaintiffs,                   :    Case No. 3:03 CV-409 (DJS)
                                                  :
         v.                                       :
                                                  :
STOLT-NIELSEN, S.A., et al.,                      :
                                                  :
                    Defendants.                   :    January 5, 2005
---------------------------------------------------------X

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE UNDER RULE 201 OF THE FEDERAL RULES OF EVIDENCE

1. Plaintiffs have asked this Court to take "judicial notice" of a *Wall Street Journal* article from October 6, 2004 reporting on allegations of price-fixing at SNTG. Plaintiffs' motion and the attached article are wholly irrelevant to the only matter pending before this Court: defendants' motion to dismiss. The *Wall Street Journal* article that plaintiffs proffer adds nothing new to plaintiffs' allegations. This is because defendants have conceded, for purposes of their motion to dismiss, that plaintiffs' allegations of price fixing are true. Even if the Court assumes the truth of the information contained in the *Wall Street Journal* article, the Court is still compelled to dismiss plaintiffs' Consolidated Amended Class Action Complaint, among other reasons, because that article changes none of the following:

   • The securities laws do not compel companies to disclose possible violations of the antitrust laws and other regulations before any violation has even been alleged. *See Data Probe Acquisition Corp. v. Datatab, Inc.*, 722 F.2d 1, 5-6 (2d Cir. 1983) (declaring that the securities laws "are not a rite of confession."); *Bolger v. First State Financial Servs.*, 759 F. Supp. 182, 194 (D.N.J. 1991) ("[E]ven after allegations have become the subject of a lawsuit" — which was not the case here — "Regulation S-K requires disclosures only of non-routine

pending litigation."); *In re Miller Industries, Inc. Securities Lit.*, 12 F. Supp.2d 1323, 1331 (N.D. Ga. 1998) (dismissing securities claims based on company's antitrust conduct because "the Defendants were under no duty to disclose potential but conjectural antitrust liability.").[1]

- Plaintiffs' allegations against Stolt-Nielsen S.A. and the individual defendants are woefully inadequate because plaintiffs allege no facts to establish that SNSA or the individual defendants either knew or became aware that SNTG was engaging in antitrust conduct. *See, e.g., San Leandro Emergency Med. Group Profit Sharing Plan v. Philip Morris Cos.*, 75 F.3d 801, 813-14 (2d Cir. 1996) ("Plaintiffs do not . . . enjoy a license to base claims of fraud on speculation and conclusory allegations.").

- Plaintiffs merely assert that defendants were reckless, without adducing any facts to support their conclusory allegations — in no way satisfying the "strong inference" of fraudulent intent required by the PSLRA. *Kalnit v. Eichler*, 264 F.3d 131, 143-44 (2d Cir. 2001).

- Plaintiffs fail to allege material misstatements with sufficient particularity because the alleged misstatements do not relate to the division alleged to have violated the antitrust laws — plaintiffs had no idea they were taking quotes regarding the wrong division. 15 U.S.C. § 78u-4(b)(1) (imposing a heightened pleading requirement in securities cases).

2. Of course, it is common practice for securities plaintiffs to base their claims on information they obtain from newspaper articles — something plaintiffs have certainly done throughout their Consolidated Amended Class Action Complaint. Newspaper articles, however, do not constitute evidence; Rule 201 of the Federal Rules of Evidence is not intended to gut the hearsay rule. In fact, courts assiduously enforce the hearsay rule against news articles, only recognizing Rule 803(17)'s narrow exception for objective market or financial information such

---

[1] Plaintiffs recently filed a Notice of Supplemental Authority attaching the unpublished opinion of the United States District Court for the Southern District of New York in *Wagner v. Barrick Gold Corp.*, No. 03 Civ. 4302 (RMB) (S.D.N.Y. July 8, 2003), contending that the case somehow supports their claim that SNTG had a duty to self-report illegal conduct. In fact, the *Wagner* court did *not* hold that a corporation has a duty to self-report legal wrongdoing. Instead, the *Wagner* court merely quoted certain cases (but provided no analysis) for the uncontroversial proposition that corporations have a duty to disclose facts that would render their public statements *not* materially misleading. *Id.* at 19. Notably, the *Wagner* court ultimately *rejected* plaintiff's antitrust disclosure argument. *Id.* at 24-25.

as property sales data, stock quotes and lending rates. Fed. R. Evid. 803(17) (excluding from the hearsay rule "[m]arket quotations, tabulations, lists, directories, or other published compilations, generally used and relied upon by the public or by persons in particular occupations"); *see also United States v. Cassiere*, 4 F.3d 1006, 1018-19 (1st Cir. 1993) (admitting trade publication for its monthly real estate property sales data); *United States v. Anderson*, 532 F.2d 1218, 1225 (9th Cir. 1976) (admitting *Wall Street Journal* stock prices to prove value). By contrast, plaintiffs here are not seeking to introduce objective market data from the *Wall Street Journal*, but a narrative article clearly prohibited by the hearsay rule. *See In re Allen*, 106 F.3d 582, 603 n. 13 (4th Cir. 1997) (criticizing district court for possibly relying on newspaper articles noting: "The articles, of course, constitute unsworn hearsay, entitled to no weight.") (emphasis added).[2]

3.   Furthermore, the portion of Rule 201 relevant here only applies to facts "not subject to reasonable dispute" and that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. While a court might appropriately take judicial notice of market data (an express exception to the hearsay rule), narrative news articles are classic hearsay that certainly are "subject to reasonable dispute," and that are not "capable of accurate and ready determination by resort to sources whose accuracy

---

[2] None of the cases cited by plaintiffs supports their efforts to obtain judicial notice of narrative news articles. *Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990) allows judicial notice to be taken of a *prior conviction* — not a newspaper article. In *Cerasani v. Sony Corp.*, 991 F. Supp. 343, 354 n. 3 (S.D.N.Y. 1998), the court took judicial notice of the *fact* that there was widespread media coverage of a trial, not news narratives themselves. *Ieradi v. Mylan Labs., Inc.*, 230 F.3d 594, 598 n.2 (3d Cir. 2000) (citing *Peters v. Delaware River Port Auth.*, 16 F.3d 1346, 1356-57 (3d Cir. 1994)), states that an "*appellate court* may take judicial notice of newspaper articles" (emphasis supplied). *Oneida Indian Nation of N.Y. v. County of Oneida, N.Y.*, 199 F.R.D. 61, 83 (N.D.N.Y. 2000), arose in the context of a motion to amend a complaint, not a motion to dismiss. Finally, *Schwenk v. Kavanaugh*, 4 F. Supp. 2d 116, 118 (N.D.N.Y. 1998) is unhelpful to Plaintiffs because the court there took judicial notice of an article in the *damages phase* of the case and determined that the *fact* that an article had been published critical of the lawyer-defendant was such a deterrent to defendant that a large punitive award was not justified.

cannot reasonably be questioned." By contrast, "market quotations in newspapers . . . state readily ascertainable facts about which there can be no real dispute." 5 Weinstein's Federal Evidence § 803.22[3] (2000) (emphasis added).

4. What plaintiffs are really trying to do is impermissibly amend their Consolidated Amended Class Action Complaint again by raising new allegations — but without seeking leave of Court to amend their complaint as required by Rule 15 of the Federal Rules of Civil Procedure.

For the foregoing reasons, invocation of Rule 201 is not appropriate, and the Court should not take judicial notice of the *Wall Street Journal* article and declaration referenced therein.

        DEFENDANTS STOLT-NIELSEN S.A.,
        STOLT-NIELSEN TRANSPORTATION GROUP
        LTD., JACOB STOLT-NIELSEN, NIELS G.
        STOLT-NIELSEN and REGINALD J.R. LEE

By: /s/ Donna Nelson Heller
    Donna Nelson Heller (ct06854)
    Patrick J. McHugh (ct14072)
    Finn Dixon & Herling LLP
    One Landmark Square
    Suite 1400
    Stamford, CT 06901-2689
    Tel: (203) 325-5000
    Fax: (203) 348-5777
    Email: dheller@fdh.com

cannot reasonably be questioned." By contrast, "market quotations in newspapers . . . state readily ascertainable facts about which there can be no real dispute." 5 Weinstein's Federal Evidence § 803.22[3] (2000) (emphasis added).

4. What plaintiffs are really trying to do is impermissibly amend their Consolidated Amended Class Action Complaint again by raising new allegations — but without seeking leave of Court to amend their complaint as required by Rule 15 of the Federal Rules of Civil Procedure.

For the foregoing reasons, invocation of Rule 201 is not appropriate, and the Court should not take judicial notice of the *Wall Street Journal* article and declaration referenced therein.

DEFENDANTS STOLT-NIELSEN S.A.,
STOLT-NIELSEN TRANSPORTATION GROUP
LTD., JACOB STOLT-NIELSEN, NIELS G.
STOLT-NIELSEN and REGINALD J.R. LEE

By: /s/ Donna Nelson Heller
Donna Nelson Heller (ct06854)
Patrick J. McHugh (ct14072)
Finn Dixon & Herling LLP
One Landmark Square
Suite 1400
Stamford, CT 06901-2689
Tel: (203) 325-5000
Fax: (203) 348-5777
Email: dheller@fdh.com

<u>Of Counsel</u>

J. Mark Gidley
Christopher M. Curran
Jaime M. Crowe
Peter J. Carney
WHITE & CHASE LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Tel: (202) 626-3600
Fax: (202) 639-9355

## **CERTIFICATION**

I hereby certify that a true and correct copy of the foregoing was mailed, United States mail, first class, postage prepaid to the following parties and counsel of record on this the 5th day of January, 2005:

David Randell Scott, Esq.
Scott & Scott, LLC
108 Norwich Avenue
P.O. Box 192
Colchester, CT 06415

Marc A. Topaz, Esq.
Schiffrin & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004

Samuel A. Rudman, Esq.
Cauley, Geller, Bowman Coates & Rudman, LLP
200 Broadhollow Road
Suite 406
Melville, NY 11747

*(signature)*
Donna Nelson Heller

{00107871; 1; 7104-4}