FILED

2006 JAN -4 P 4: 15

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| IRENE RUCKER and GUSTAV RUCKER, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>STOLT-NIELSEN S.A., JACOB STOLT-NIELSEN, NIELS G. STOLT-NIELSEN, SAMUEL COOPERMAN and REGINALD J.R. LEE,<br><br>        Defendants. | Civil Action No. 3:03-cv-00409-DJS<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION AND IN REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION |

ORAL ARGUMENT REQUESTED

Lead Plaintiffs Irene Rucker and Gustav Rucker (the "Ruckers" or "Lead Plaintiffs") respectfully submit this Memorandum of Law in further support of their motion for reconsideration of this Court's Memorandum of Decision ("Decision"), dated November 10, 2005, in favor of the Motion to Dismiss the Consolidated Amended Class Action Complaint ("Complaint") by Defendants Stolt-Nielson S.A. ("SNSA" or the "Company"), Stolt-Nielson Transportation Group, Inc. ("SNTG"), Jacob Stolt-Nielson, Niels G. Stolt-Nielson, Samuel Cooperman and Reginald J.R. Lee (collectively, the "Defendants") and in reply to Defendants' Opposition to Plaintiffs' Motion for Reconsideration ("Opposition").

## I. PRELIMINARY STATEMENT

In its Decision, this Court dismissed Plaintiffs' Complaint. The Court's Decision expressly stated that Plaintiffs sufficiently alleged actionable misstatements and omissions (the "Actionable Statements"). This Court further held, however, that Plaintiffs failed to adequately plead scienter. The Court specifically stated that without showing "knowledge of the anti-competitive conduct to SNSA's management . . . the court can only assume, and not infer, that SNSA's management knew about the illegal activity." Decision, p. 27.[1] This Court issued its Decision without the benefit of SNSA's own 20-F statements.

In their motion for reconsideration, Plaintiffs informed this Court that, according to SNSA's 20-F disclosures, SNSA was aware of the anticompetitive activities performed by its subsidiary SNTG. Plaintiffs' motion for reconsideration introduced this Court to the necessary link between SNSA and SNTG and, more importantly, the knowledge maintained by SNSA regarding the anticompetitive activities of SNTG. In doing so, the link provided this Court with the factor it deemed missing from the scienter analysis. The stated link likewise substantiated and strengthened

---

[1] "Decision, p. __" refers to Memorandum of Decision of this Court, dated November 10, 2005.

the legal theories raised by Plaintiffs in their motion for reconsideration. Finally, at the very least, the new evidence further entitles Plaintiffs the right to replead.

This Court's Decision was based largely on Defendants' assertion that the anti-competitive activities, and the corresponding knowledge of those acts, were limited solely to SNTG and its officers. In fact, in support of their argument that the Complaint insufficiently plead scienter, Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint, dated October 27, 2003, stated:

> The Plaintiffs allege that SNSA and its officials has the requisite scienter, but only for acts allegedly planned and conducted by officers of SNSA's subsidiary, SNTG. The Complaint, however, alleges no fact to establish that SNSA, or any SNSA officer (Defendants Jacob Stolt-Nielsen and Niels G. Stolt-Nielsen), either knew or became aware of the alleged illegal conduct at SNTG, while such conduct was occurring.

The "newly discovered" 20-F statements, however, clearly refute any contention that SNSA had no knowledge of its subsidiary's activities at the time it issued false and misleading statements.

For the reasons set forth herein, the motion for reconsideration should be granted. In the alternative, or at the very minimum, Plaintiffs should be afforded the right to replead.[2]

---

[2] "Adherence to liberal grants of leave to amend is especially important in the context of the PSLRA." *In re Saxton Sec. Litig. v. Deloitte & Touche LLP*, No. 02-16172, 2005 U.S. App. LEXIS 26574 (9th Cir. December 2, 2005); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment.").

In *Saxton*, the court specifically held:

> Because the district court dismissed the Complaint based solely on Plaintiff's failure to plead scienter, and did not provide any reasoned explanation as to why leave to amend would be futile with respect to the individual [] officers, we conclude that the court abused its discretion. Therefore, we determine that the district court should not have dismissed the Complaint, as to the individual [] officers, with prejudice.

2005 U.S. App. LEXIS 26574, at *8. Here, the Complaint was likewise dismissed with prejudice for Plaintiffs' failure to plead scienter. In this regard, this Court should reconsider its Decision and, at least, allow Plaintiffs to serve an amended complaint. *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d

## II. ARGUMENT

### A. It is Within This Court's Discretion to Reconsider its Decision and Issue a New Finding with Respect to Scienter

Courts are afforded general discretionary power to grant a motion for reconsideration where they see fit. *See In re Stanley*, 185 B.R. 417, 421 (D. Conn. 1995). Defendants ignore the general purpose for motions to reconsider by asking this Court to deny Plaintiffs' motion for reconsideration, ignore Plaintiffs' compelling and well-founded legal theories of liability against Defendants, and reject Plaintiffs' basic and fundamental request to replead their claims. Def. Opp.,[3] p. 2-5, 14-17.

Defendants' argument resorts to technical, insignificant nuances between the terms "becoming aware of" and "learning of." Specifically, Defendants contend that SNSA only "became aware" of information regarding SNTG's anticompetitive activities in 2002. Def. Opp., p. 5. Defendants argue that there is a "big difference" between "becoming aware of anti-competitive activities" and "learning of anticompetitive activities." Def. Memo, p. 5. Irrespective of the terminology, Defendants admit to having knowledge – in some form – of the activity. Yet, despite this knowledge, they did not make any disclosures to that effect to their shareholders and, quite to the contrary, continued to make positive statements regarding SNTG's business and activities. In this regard, the effect of the 20-F statements remains the same in that it provides this Court with the association – the link – between SNSA's knowledge and SNTG's activities that the Court sought in its scienter analysis. Now, the Court need not "assume" that SNSA management knew of the activity. *See LiButti v. United States*, 178 F.3d 114, 119 (2d Cir. 1999) (stating that a motion to

---

651, 657 (3d Cir. 2003) (stating that even where a complainant had multiple "bites at the apple", a court should not automatically dismiss a complaint with prejudice).

[3] "Def. Opp., p. __" refers to Defendants' Opposition to Plaintiffs' Motion for Reconsideration, dated December 19, 2005.

reconsider will be granted where the new evidence changes the outcome). It is now undisputed that SNSA either "became aware of" or "learned of" the anticompetitive actions undertaken by its subsidiary in advance of issuing misrepresentation to its shareholders.

Defendants' argument further evinces the questions of fact that exist in this action. The Complaint alleges the failure to disclose on the part of Defendants. Defendants counter that the information available did not yet give rise to a duty and/or requirement to disclose as SNSA only "became aware of" (and not "learned of") the information. Def. Opp., p. 5. This question begs for a resolution by a trier of fact. It is simply not a question of law. In this regard, Plaintiffs' Complaint should be sustained. At a minimum, the issues raised by Defendants in this argument warrants grounds for allowing Plaintiffs to replead the Complaint.

### B.  Plaintiffs Allege Valid and Sustainable Theories of Primary Liability and Scheme Liability, Particularly in Light of SNSA's 20-F Disclosures

#### 1.  Primary Liability

Although not addressed in the Court's Decision, primary liability should attach against Defendants SNTG, Cooperman and Lee. In their opposition, Defendants incorrectly argue that the Second Circuit's decision in *Wright v. Ernst & Young LLP*, 152 F.3d 169, 175 (2d Cir. 1998) foreclosed Plaintiffs' position that Defendants SNTG, Cooperman and Lee are primarily liable for misrepresentations by SNSA. Def. Opp., p. 6-7. Specifically, Defendants stated that Plaintiffs did not attribute statements to those Defendants "at the time of its dissemination" per the standard set forth in *Wright*. *Id*.

Contrary to Defendants' assertion, however, *Wright* does not stand for the prevailing and undisputed rule that misrepresentations must be attributed to the speaker at the time of dissemination. A more recent Second Circuit opinion, *In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 75-76 (2d Cir. 2001), stated that a party can still be held responsible for a misrepresentation where the statement was *not* ascribed to that party at the time of dissemination. *See also In re*

- 4 -

*Global Crossing, Ltd. Sec. Litig.*, 322 F. Supp. 2d 319, 333 (S.D.N.Y. 2004) (stating that "a plaintiff may state a claim for primary liability under section 10(b) for a false statement (or omission), even where the statement is not publicly attributed to the defendant). Second Circuit District Courts recently echoed this analysis. *See In re LaBranche Sec. Litig.*, No. 03 Civ. 8201 (RWS), 2005 U.S. Dist. LEXIS 32599 (S.D.N.Y. December 13, 2005); *In re Van Der Moolen Holding N.V. Sec. Litig.*, No. 03 Civ. 8284 (RWS), 2005 U.S. Dist. LEXIS 32598 (S.D.N.Y. December 13, 2005).[4] In *LaBranche*, the Court rejected defendant's use of the *Wright* decision, stating that "a subsequent Second Circuit panel [in *Scholastic*] held that under proper circumstances, a defendant can be held liable pursuant to Section 10(b) for a false and misleading statement even if the statement at issue was not attributed to the defendant at the time of its public dissemination." 2005 U.S. Dist. LEXIS 32599, *41.

The court in *LaBranche* concluded that, akin to the holding in *In re Kidder Peabody Sec. Litig.*, 10 F. Supp. 2d 398, 407 (S.D.N.Y. 1998), the subsidiary company may be held primarily liable for the statements disseminated by its parent company. *LaBranche*, 2005 U.S. Dist. LEXIS 32599, *44-47. When LaBranche & Co. (parent company) reported LaBranche LLC's (subsidiary company) principal trading revenues, the court reasoned that it was a "mere" conduit through which the information was disseminated. *Id*. Here, SNSA was likewise a mere conduit for SNTG, Cooperman and Lee. Defendants do not – and cannot – dispute that Defendants SNTG, Cooperman and Lee had knowledge of the anticompetitive activities conducted by SNTG. These Defendants thereby used SNSA as a conduit to misrepresent the public about SNTG's business operations and anti-competitive acts. The court in *LaBranche* specifically held that "[p]ursuant to *Wright*,

---

[4] These opinions were entered more recently than the filing of Plaintiffs' motion for reconsideration, but prior to Defendants' filing of their Opposition.

*Scholastic*, and *Global Crossing*, dismissal of Plaintiffs' Section 10(b) misrepresentation claim against [the subsidiary] LaBranche LLC is not warranted." 2005 U.S. Dist. LEXIS 32599, *43.

Moreover, even where the parent corporation fails to explicitly identify its subsidiary as the source of information – albeit misleading information – the misrepresentation can be attributed to the subsidiary. *Global Crossing*, 322 F. Supp. 2d at 333, n. 14; *LaBranche*, 2005 U.S. Dist. LEXIS 32599; *Van Der Moolen*, 2005 U.S. Dist. LEXIS 32598. In *Van Der Moolen*, the court noted that the subsidiary corporation need not even participate in the drafting, producing, reviewing and/or disseminating of the alleged misstatements. The Court specifically stated that the defendant "need not directly communicate the misrepresentation to plaintiffs in order to be held liable under section 10(b)." 2005 U.S. Dist. LEXIS 32598, *37.

For the reasons set forth herein, Plaintiffs have adequately alleged that SNSA's misstatements regarding the true operations – including improper acts – of SNTG may be attributed to SNTG, Cooperman, and Lee.

### 2.   Scheme Liability

Defendants oppose Plaintiffs' scheme liability argument on the basis that this Court already determined that the Complaint failed to plead scienter, and that SNSA's Form 20-F statements do not change this Court's holding. Def. Opp., p. 10-11. Not so. This Court concluded that there was no scienter because Plaintiff failed to impart "knowledge of the anti-competitive conduct to SNSA's management." Decision, p. 27. The Court, therefore, stated that it could "only assume, and not infer, that SNSA's management knew about the illegal activity." Decision, p. 27. With the benefit of SNSA's 20-F statements, however, this Court has been provided with the missing link between SNTG's anticompetitive activities and the knowledge of those actions by SNSA. In this regard, the standard for scienter has been met. *See In re Lernout & Hauspie Sec. Litig.*, 236 F. Supp. 2d 161 (D. Mass. 2003) (finding adequate reliance by plaintiff on the secondary actors' actions by

considering the alleged scheme *as a whole* rather than viewing the conduct and misrepresentations separately from one another).

Here, the allegations in the Complaint along with the additional factual basis provided by SNSA's 20-F statements confirm SNSA's knowledge and understanding of SNTG's anti-competitive actions. Moreover, the stated information evinces the overall scheme to defraud investors. Simply stated, SNTG and its officers performed the anti-competitive activity. SNSA, SNTG and their officers then mislead investors through disclosures concerning SNTG's operations, failing to equally disclose the subsidiary's improper business tactics. Based upon the averred scheme between SNSA and SNTG, this Court should reconsider its Decision, or, at a minimum, permit Plaintiffs the opportunity to replead.

### C. The Legal Theory of Corporate Scienter Extends the Knowledge Held by SNTG and its Officers to SNSA

As a major division of SNSA, knowledge possessed by SNTG and its officers is imputed to SNSA. Defendants do not dispute that SNTG is a major and integral business component of SNSA. Also, Defendants do not dispute that SNTG, Cooperman and Lee had direct knowledge of SNTG's anti-competitive acts. Finally, Defendants do not dispute that the subsidiary's improper activities were not disclosed in the parent company's public statements. Under the concept of corporate scienter, these facts support a claim for liability directly against the parent company, SNSA. *See Caterpillar Inc. v. Great Am. Ins. Co.*, 62 F.3d 955, 962 (7th Cir. 1995); *In re Warner Communications Sec. Litig.*, 618 F. Supp. 735, 752 (S.D.N.Y. 1985); *In re Philip Servs., Corp. Sec. Litig.*, 98 Civ. 0835 (MBM), 2004 U.S. Dist. LEXIS 9261 (S.D.N.Y. May 24, 2004).

Relying largely on case law outside the Second Circuit, Defendants' Opposition criticizes the theory of corporate scienter as a whole. Def. Opp., p.12. Then, in response to Plaintiffs' use of the

*Worldcom*[5] decision, Defendants criticize the decision itself, stating that it was derived from a non-securities action, *United States v. Bank of New England*, 821 F.2d 844 (1st Cir. 1987). Plaintiffs, however, have not asked this Court to consider the *Bank of New England* decision. Plaintiff simply asks this Court to follow the Second Circuit District Court decision in *Worldcom*, which clearly states that collective knowledge held by corporate affiliates will impute knowledge to the company itself. *Worldcom*, 352 F. Supp. 2d at 497.

Next, Defendants attempt to distinguish the case at bar, stating that their activity does not compare to the type of illegal activity at issue in the *Worldcom* and *Bank of New England* matters. Def. Memo., p. 13. Defendants' argument appears to miss the point. The case at bar is not concerned with the illegal activity committed by SNTG (under the auspices of SNSA), but rather is concerned about the fact that Defendants chose not to share the vital information regarding that activity with its shareholders, thereby misleading the public through misrepresentations in the Company's disclosures.

"Corporate scienter" is a viable legal theory in the Second Circuit. The facts at issue, as alleged by Plaintiffs, meet the criteria to plead the theory. In this regard, Defendants' arguments to the contrary should be rejected and Plaintiffs' motion for reconsideration should be granted.

### D.  Plaintiffs, at a Minimum, Should be Afforded the Opportunity to Amend Their Complaint

Defendants erroneously argue that Plaintiffs should not be given the right to replead as: (1) an amended complaint would be futile; and (2) Plaintiff delayed in seeking amendment of its Complaint. Def. Opp., p. 14-16. Defendants' rudimentary argument fails on several grounds.

First, as explained, the statements (*a.k.a.* acknowledgments) in Defendants' 20-F disclosures, that SNSA had knowledge of SNTG's anti-competitive activities, provide this Court with the

---

[5] *In re Worldcom, Inc. Sec. Litig.*, 352 F. Supp. 2d 472 (S.D.N.Y. 2005).

association sought in its analysis of scienter. In this regard, an amended complaint would, by no means, be futile. To the contrary, given the chance to replead, Plaintiffs now have the means to allege the precise facts sought by this Court in the analysis set forth in its Decision. Decision, p. 26-27. Plaintiffs should, therefore, be provided the opportunity to do so.

Second, Plaintiffs did not delay in seeking the right to replead. Plaintiffs' instant request was made less than three weeks after the Court rendered its Decision regarding Defendants' motion to dismiss. It is misleading for Defendants to couch Plaintiffs' delay as a "two and half year delay." Further, the cases relied upon by Defendants in support of their argument are inapplicable. *See MacDraw, Inc. v. CIT Group Equip. Fin.*, 157 F.3d 956 (2d Cir. 1998) and *Rosenzweig v. Azurix Corp.*, 332 F.3d 854 (5th Cir. 2003).

In *MacDraw*, plaintiff sought to amend the complaint more than five years after the complaint was initially filed *and* more than two years after the close of the discovery stage in the litigation. There, the court specifically stated that an amended complaint "would require additional discovery, causing undue prejudice to the defendants" and further noted that plaintiff's "delay was unexplained." 157 F.3d at 962. Here, in addition to the fact that Plaintiffs have not delayed in bringing their request, there is no suggestion whatsoever that Defendants would endure any prejudice.

Next, in *Rosenzweig*, the court noted that plaintiffs were not entitled to replead after "[p]laintiffs admit they *deliberately chose to delay* amending their complaint." 332 F.3d at 865 [emphasis added]. The court further stated that "[p]laintiffs concede they have not raised any facts which were not available previous to the district court's opinion" and "the motion to amend hardly presents any new information." 332 F.3d at 865. Here, as stated, Plaintiffs did not delay in issuing their request to amend the Complaint. Further, contrary to the *Rosenzweig* decision, the instant request to amend presents new information. Specifically, Plaintiffs' proposed amended Complaint

would – in addition to the previously asserted allegations – rely on SNSA's admission of knowledge of SNTG's anti-competitive activities. The case at bar is, therefore, plainly distinguishable from the case law utilized by Defendants.

Plaintiffs' request to replead is, therefore, justified and timely given when the request was made and the circumstances that prompted the request. Defendants' contention to the contrary should be rejected in its entirety.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their request for reconsideration and/or allow Plaintiffs to amend the Complaint.

DATED:  January 4, 2006            SCOTT + SCOTT, LLC
                                   DAVID R. SCOTT (CT 16080)


                                   _____
                                            DAVID R. SCOTT

                                   108 Norwich Avenue
                                   Colchester, CT  06415
                                   Telephone:  860/537-3818
                                   860/537-4432 (fax)

                                   *Liaison Counsel*
                                   LERACH COUGHLIN STOIA GELLER
                                     RUDMAN & ROBBINS LLP
                                   SAMUEL H. RUDMAN
                                   MARK S. REICH
                                   58 South Service Road, Suite 200
                                   Melville, NY  11747
                                   Telephone:  631/367-7100
                                   631/367-1173 (fax)

                                   *Lead Counsel for Plaintiffs*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 4, 2006, a copy of the foregoing MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION AND IN REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION was sent, via U.S. Mail, postage prepaid to the following parties on the attached service list.

_____
Erin G. Comite

STOLT-NIELSEN

Service List - 11/28/2005  (04-0273)

Page 1 of 1

**Counsel For Defendant(s)**

Donna Nelson Heller
Patrick J. McHugh
Finn Dixon & Herling
One Landmark Square, Suite 1400
Stamford, CT  06901
  203/325-5000
  203/348-5777 (Fax)

Christopher M. Curran
J. Mark Gidley
Peter J. Carney
White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005
  202/626-3600
  202/639-9355 (Fax)

**Counsel For Plaintiff(s)**

Samuel H. Rudman
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
200 Broadhollow Road, Suite 406
Melville, NY  11747
  631/367-7100
  631/367-1173 (Fax)

David R. Scott
Erin G. Comite
Scott + Scott, LLC
108 Norwich Avenue
Colchester, CT  06415
  860/537-5537
  860/537-4432 (Fax)