Slip Copy                                                                                                                        Page 1
Slip Copy, 2006 WL 558538 (2nd Cir.(N.Y.))
**(Cite as: 2006 WL 558538 (2nd Cir.(N.Y.)))**

**Briefs and Other Related Documents**

Only the Westlaw citation is currently available.

This case was not selected for publication in the Federal Reporter.

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Second Circuit Rules § 0.23. (FIND CTA2 s 0.23.)

United States Court of Appeals,
Second Circuit.
ENDOVASC, LTD., a Nevada Corporation,
Plaintiff-Appellant-Cross-Appellee,
v.
J.P. TURNER & CO., LLC, KCM Group, LLC, Keshet Fund, L.P., Nesher, Ltd.,
Talbiya B. Investments Ltd., Balmore Funds, S.A., David Grin, LH Financial
Services Corp., Laurus Master Fund, Ltd., Laurus Capital Management, LLC.,
Celeste Trust Reg, Patrick Power, John Clark, Abraham Grin, Talbiya, Ltd., and
Keshet Management, Inc.,
Defendants-Appellees-Cross-Appellants,
Kingdon Capital Management, LLC and Sichenzia Ross & Friedman, LLP, Defendants.
**Nos. 04-2407-CV(L), 04-2591-CV(XAP), 04-2807-CV(XAP), 04-2723-CV(XAP).**

March 8, 2006.

Appeal from the United States District Court for the Southern District of New York (Preska, J.).

Thomas I. Sheridan III (Andrea Bierstein, Melissa C. Welch), Hanly Conroy Bierstein & Sheridan LLP, New York, NY, for Plaintiff-Appellant-Cross-Appellee Endovasc Ltd, of counsel.

Theodore R. Snyder, Krebsbach & Snyder, P.C., New York, NY, for Defendants-Appellees-Cross-Appellants J.P Turner & Co., LLC, and Patrick Power.

Kenneth A. Zitter, New York, New York, for Defendants-Appellees-Cross-Appellants Balmore Funds, S.A., LH Financial Services Corp. and Celeste Trust Reg.

Hillary Richard (Dorothy Mitchell, Theresa Trzaskoma, Jennifer Barnett, on the brief), Brune & Richard, LLP, New York, New York, for Defendants-Appellees-Cross-Appellants KCM Group, LLC, Keshet Fund, L.P., Keshet, L.P., Nesher, Ltd., Talbiya B. Investments, Ltd., David Grin, Laurus Master Fund, Ltd., Laurus Capital Management, LLC, and John Clark.

Present: Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges, and Hon. DAVID G. TRAGER, District Judge. [FN1]

>   FN1. The Honorable David G. Trager of the United States District Court for the Eastern District of New York sitting by designation.

AMENDED SUMMARY ORDER

**\*1** At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 8th day of March, two thousand and six.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED IN PART and VACATED AND REMANDED IN PART.

This case presents an appeal and cross-appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *J.*) entered on April 2, 2004. Endovasc appeals the district court's dismissal of its Second Amended Complaint with prejudice, and defendants-appellees-cross-appellants' appeal the court's

Slip Copy                                                                                                                          Page 2
Slip Copy, 2006 WL 558538 (2nd Cir.(N.Y.))
**(Cite as: 2006 WL 558538 (2nd Cir.(N.Y.)))**

denial of its motion for sanctions. Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues.

First, the district court properly dismissed Endovasc's claims brought under section 10(b) of the Securities Exchange Act of 1934, Pub.L. No. 73-291, 48 Stat. 881, 891 (codified at 15 U.S.C. § 78j(b)), and Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5, as well as its claims for common law fraud. As detailed in the district court's opinion, the Second Amended Complaint (1) failed to plead the security fraud claims with the particularity required by both section 101(b) of the Private Securities Litigation Reform Act of 1995 (the PSLRA), Pub.L. No. 104-67, 109 Stat. 737, 743-49 (enacting section 21D of Title I of the Securities Exchange Act of 1934 (codified at 15 U.S.C. § 78u-4)) and Rule 9(b) of the Federal Rules of Civil Procedure; (2) failed to plead the common law fraud claims with the particularity required by Rule 9(b); and (3) presented an "incomprehensible" claim of market manipulation. We therefore affirm the dismissal of these claims.

Second, the district court erred, in part, in dismissing the breach of contract claims. The claims were based on the alleged breach of: (1) a "proposed term sheet" outlining an equity financing scheme of $15 million and (2) a contract to purchase $4.5 million of convertible preferred stock. The proposed term sheet, as Endovasc states in its brief, may have given rise to an obligation "to proceed in good faith to finalize the terms of a formal agreement to provide the equity line of credit," Appellant Brief at 53 (citing Teachers Ins. & Annuity Assoc. of Am. v. Tribune Co., 670 F.Supp. 491, 498- 99 (S.D.N.Y.1987)), but would not create an enforceable obligation to provide $15 million in financing, see Richbell Info. Servs., Inc. v. Jupiter Partners, L.P., 309 A.D.2d 288, 297 (1st Dep't 2003) ("[T]he term sheet itself was labeled 'preliminary.' This is a classic example of an unenforceable 'mere agreement to agree." '); cf. John Hancock Mut. Life Ins. Co. v. Carolina Power & Light Co., 717 F.2d 664, 669 (2d Cir.1983) ("The Terms Sheet is only a summary and proposal."). The Second Amended Complaint, however, only asks for relief based on the breach of a contract to provide $15 million and never requests relief based on the breach of a contract to *negotiate* a $15 million financing arrangement in *good faith.* The Second Amended Complaint therefore does not state any legally cognizable claim for breach of the "proposed term sheet," and we affirm the district court's dismissal of the breach of contract claims insofar as they relate to the term sheet.

***2** The other contract alleged in the Second Amended Complaint concerns a May 9, 2000, subscription agreement between Endovasc and defendants Talbiya B. Investments, Ltd., The Keshet Fund LP, Keshet LP, Celeste Trust Reg., Balmore Funds, S.A., and Nesher, Ltd. ("the May 9 signatories"). The remainder of the defendants--JP Turner & Co., Patrick Power, LH Financial Services, Laurus Master Fund, Laurus Capital Management, LLC, John Clark, David Grin, and Abraham Grin--were not parties to the contract, and we affirm the dismissal of the breach of contract claims against them. However, with regard to the May 9 signatories, the district court erred in dismissing Endovasc's claim for failure to allege its own performance under the contract. Endovasc had no obligation to tender shares of its convertible preferred stock in the absence of payment by the May 9 signatories. Defendants argue, alternatively, that Endovasc's Second Amended Complaint was deficient because it failed to allege compliance with certain conditions precedent. We reject this argument. We consider state law in construing the affirmative defense provisions of the Federal Rules, see Roskam Baking Co. v. Lanham Machinery Co., 288 F.3d 895, 901 (6th Cir.2002); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1271 (3d ed.2004), and, under New York law, the failure of a plaintiff to comply with conditions precedent is an affirmative defense, see N.Y. C.P.L.R. 3015(a); see also 1199 Housing Corp. v. Int'l Fidelity Ins. Co., 14 A.D.3d 383, 384 (1st Dep't 2005). Accordingly, we vacate the district court's judgment insofar as it dismissed the breach of contract claims relating to the May 9 agreement against the May 9 signatories.

Third, the district court did not abuse its discretion in denying Endovasc leave to amend. "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                    Page 3
Slip Copy, 2006 WL 558538 (2nd Cir.(N.Y.))
**(Cite as: 2006 WL 558538 (2nd Cir.(N.Y.)))**

[of the Federal Rules of Civil Procedure] is within the discretion of the trial court," *Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971)*, and a district court may therefore properly deny leave to amend where a plaintiff has already been given "one opportunity to plead fraud with greater specificity," *Luce v. Edelstein, 802 F.2d 49, 56 (2d Cir.1986)*; *see also* 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1487, at 643-45 (3d ed. 2004) ("[I]f the court determines that plaintiff has had sufficient opportunity to state a claim but has failed to do so, leave to amend may be denied."). Here, the district court provided Endovasc an opportunity to amend its pleadings in light of defendants' dismissal papers, thus granting Endovasc an "opportunity to plead fraud with greater specificity," *Luce, 802 F.2d at 56*. Moreover, Endovasc knew that the Second Amended Complaint would serve as its "final amended complaint" and never objected to the district court's repeated orders that additional amendments would not be permitted. In these circumstances, the district court did not abuse its discretion in denying leave to amend.

**\*3** Fourth, the district court erred by failing to make sufficient findings under section 27(c) of Title I of the Securities Act of 1933 as amended by section 101(a) of the PLSRA, 109 Stat. at 741-42 (codified at 15 U.S.C. § 78u-4(c)). Section 27(c)(1) requires courts to "include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion." 15 U .S.C. § 78u-4(c)(1). The district court's statement that it could not find "that the Complaint was filed for an improper purpose, that it presented a frivolous legal position or completely lacked evidentiary support," does not satisfy the requirements of section 27(c). *See Gurary v. Winehouse, 190 F.3d 37, 47 (2d Cir.1999)* (*Gurary I* ); *Gurary v. Winehouse,* 235 F.3d 795, 798 n. 6 (2d Cir.2000) (*Gurary II* ). "As the statute required the district court to make findings, we have no choice but to remand in order to permit it to do so." *Gurary I, 190 F.3d at 47*.

We have considered the remainder of Endovasc's arguments and find them to be without merit. For the reasons set forth above, the judgment of the district court is AFFIRMED IN PART and VACATED AND REMANDED IN PART.

Slip Copy, 2006 WL 558538 (2nd Cir.(N.Y.))

**Briefs and Other Related Documents (Back to top)**

• 04-2723 (Docket) (May. 13, 2004)

• 04-2407 (Docket) (May. 04, 2004)

END OF DOCUMENT