```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


JOEL MENKES, Individually and     :
on behalf of all others           :
similarly situated,               :
                                  :
     Plaintiffs,                  :      No. 3:03CV00409(DJS)
                                  :
v.                                :
                                  :
STOLT-NIELSEN S.A., JACOB         :
STOLT-NIELSEN, NIELS G. STOLT-    :
NEILSEN, SAMUEL COOPERMAN, and    :
REGINALD J.R. LEE,                :
                                  :
     Defendants.                  :
```

## ORDER

Lead Plaintiffs, Irene Rucker and Gustav Rucker, bring this action on behalf of a putative class of purchasers of defendant Stolt-Nielsen S.A.'s American Depository Receipts for the period of May 31, 2000 through February 20, 2003 pursuant to Sections 10(b), 15 U.S.C. § 78j(b), and 20(a), 15 U.S.C. § 78t, of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 78a-78mm, and Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder, against Stolt-Nielsen S.A., Jacob Stolt-Nielsen, Niels G. Stolt-Nielsen, Samuel Cooperman, and Reginald J.R. Lee (collectively, "Defendants"). On August 11, 2006, Defendants filed a Motion to Dismiss Plaintiffs' Scheme Liability Claim **(dkt. # 68)**. On September 1, 2006, Lead Plaintiffs filed a Notice of Voluntary Dismissal of Scheme Liability Claims **(dkt. #**

**69)**, in which Lead Plaintiffs voluntarily dismissed their scheme liability claims with prejudice. Defendants subsequently filed a Notice of Withdrawal of Motion to Dismiss Plaintiffs' Scheme Liability Claims **(dkt. # 71)**. In light of these filings with the court, Lead Plaintiffs' Notice of Voluntary Dismissal of Scheme Liability Claims **(dkt. # 69)** is **GRANTED**, and Defendants' Notice of Withdrawal of Motion to Dismiss Plaintiffs' Scheme Liability Claims **(dkt. # 71)** is **GRANTED**. Therefore, Lead Plaintiffs' scheme liability claims are **DISMISSED with prejudice**, and Defendants' Motion to Dismiss Plaintiffs' Scheme Liability Claim **(dkt. # 68)** is **DENIED as moot**.

At issue now is the status of the discovery proceedings in this litigation. Initially, the discovery and all other proceedings in this case were stayed because the Defendants had filed their Motion to Dismiss the Second Consolidated Amended Class Action Complaint (dkt. # 57), and the PSLRA requires an automatic stay of PSLRA actions during the pendency of motions to dismiss. See 15 U.S.C. § 78u-4(b)(3)(b) ("In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss."). On June 19, 2006, the court issued a Memorandum of Decision (dkt. # 63) denying Defendants' motion. The court, however, gave Defendants leave to file another motion to dismiss with regard to Lead Plaintiffs' scheme liability claims. In addition, the

court exercised its discretion by staying the litigation until further notice by the court.  On August 11, 2006, Defendants filed a motion to dismiss, which was subsequently rendered moot by Lead Plaintiffs' withdrawal of their scheme liability claims.

The court notes that it is not clear whether the automatic stay: (1) remained in place after the court's June 19, 2006 decision because of the anticipation of a future motion to dismiss, which had to be, and was, filed on or before August 11, 2006; (2) was lifted after the court's June 19, 2006 decision, but reinstated after the filing of the August 11, 2006 motion to dismiss; or (3) was lifted completely after the court's June 19, 2006 decision.  See generally Sedona Corp. v. Ladenburg Thalmann, No. 03 Civ. 3120, 2005 WL 2647945, (S.D.N.Y. October 14, 2005).  The question of when or whether the automatic stay lifted, however, is irrelevant at this point because the court, in the June 19, 2006 Memorandum of Decision, issued a discretionary stay that was to remain in place until further notice.

The court shall maintain the discretionary stay until the entry of a discovery order.  Because the duration of this discretionary stay depends on the entry of a discovery order, it was particularly important for the parties here to submit a Rule 26(f) report that contained proposed discovery deadlines, even if the parties could not agree on particular dates.  The parties did submit a Rule 26(f) report, but that report contained no dates

for discovery.  The court finds this lack of discovery dates to be unacceptable.  Not only do the parties fail to follow Rule 26(f), which requires the parties to submit proposed discovery dates, they also make it difficult for the court to enter a discovery order, which in turn makes it difficult for the court to determine when to lift the discretionary stay.  Given the insufficiency of the submitted Rule 26(f) report, the parties shall be required to submit another Rule 26(f) report.

    Defendants, however, did indicate in the Rule 26(f) report that they believe a stay should remain in place until the resolution of "potential criminal proceedings against Defendants and third parties."  Such a stay, though, would be independent from either the automatic stay required by the PSLRA or the court's discretionary stay pending the entry of a discovery order, and, as such, is not in place at this time.  Nevertheless, the court will allow Defendants to move for such a stay. Therefore, if Defendants desire to ask the court to impose a stay of discovery pending the outcome of certain criminal proceedings, they must file a motion with the court on or before September 26, 2006.  If Defendants file this motion, Lead Plaintiffs shall file their response on or before October 10, 2006.  Otherwise, if Defendants do not file this motion, the parties shall resubmit their Rule 26(f) report--with proposed discovery dates--on or before October 3, 2006.

**CONCLUSION**

For the foregoing reasons: (1) Lead Plaintiffs' Notice of Voluntary Dismissal of Scheme Liability Claims **(dkt. # 69)** is **GRANTED**; (2) Defendants' Notice of Withdrawal of Motion to Dismiss Plaintiffs' Scheme Liability Claims **(dkt. # 71)** is **GRANTED**; (3) Lead Plaintiffs' scheme liability claims are **DISMISSED with prejudice;** and (4) Defendants' Motion to Dismiss Plaintiffs' Scheme Liability Claim **(dkt. # 68)** is **DENIED as moot. Defendants may file a motion to stay discovery pending the outcome of criminal proceedings on or before September 26, 2006. If Defendants file a motion to stay on or before September 26, 2006, Lead Plaintiffs shall file their response to the motion on or before October 10, 2006.  If Defendants do not file a motion to stay on or before September 26, 2006, the parties shall submit their Rule 26(f) report on or before October 3, 2006.**

**SO ORDERED** this 12th day of September, 2006.

/s/DJS

**DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE**