

### Nine Organizations File Briefs in Support of Stolt-Nielsen In U.S. Supreme Court Case

LONDON, NORWAY -- (MARKET WIRE) -- September 25, 2006 --

Domestic and Global Organizations Urge Review

London - September 25, 2006 - Nine separate organizations, including a foreign sovereign government, leading trade associations and other groups have filed amicus curiae briefs with the Supreme Court of the United States urging the Court agree to hear the Stolt-Nielsen S.A. v. United States case.

Stolt-Nielsen S.A. (NASDAQ: SNSA); (OSLO: SNI) expressed its appreciation that these organizations urged review of a decision by U.S. Court of Appeals for the Third Circuit, which held that federal courts lack the authority to enforce prosecutors' promises pre-indictment, which is in conflict with the decisions of the Seventh Circuit.

"In breaching its promises with Stolt-Nielsen, the Department of Justice overstepped any legitimate prosecutorial boundary," James B. Hurlock, an outside director and Chair of the SNSA Board of Directors' Legal Affairs Committee said. "These amicus briefs make clear the need for the federal courts to be vigilant in protecting companies and their executives from the Justice Department simply ignoring its own signed agreements."

Stolt-Nielsen was charged in a one-count indictment earlier in September. That indictment breaches the Antitrust Division's own written Amnesty Agreement made in January 2003, which promised Stolt-Nielsen that it would not "bring any criminal prosecution" against the company or its executives related to the parcel tanker industry for conduct that occurred prior to January 15, 2003.

In July 2006, Stolt-Nielsen filed its petition for certiorari with the Supreme Court. In that petition, Stolt-Nielsen underscores its request for Supreme Court review by noting that in January 2005, the U.S. District Court for the Eastern District of Pennsylvania found that the Company had not breached its Amnesty Agreement and issued an injunction preventing an indictment. In its ruling, the District Court made 89 findings of fact, including that Stolt-Nielsen had performed its side of the bargain under the Amnesty Agreement and that the government, therefore, could not break it. The District Court remains the only court to have considered this case on its merits.

In March 2006, a two-judge panel of the Third Circuit ruled, on narrow separation of powers grounds, that district courts lack the authority to enjoin virtually any prosecution prior to indictment and overruled the injunction. The petition for certiorari challenges the basis of that Third Circuit ruling.

No amicus curiae parties have opposed the grant of certiorari.

A copy of the petition to the U.S. Supreme Court, and related filings, including the amicus briefs are available at www.stolt-nielsen.com.

Contacts: Richard Lemanski 001-203.299.3604 rlemanski@stolt.com

Jan Engelhardtsen 011-44 20 7611 8972 jce@stolt.com

About Stolt-Nielsen S.A.

Stolt-Nielsen S.A. (the "Company") is one of the world's leading providers of transportation services for bulk liquid chemicals, edible oils, acids, and other specialty liquids. The Company, through the parcel tanker, tank container, terminal, rail and barge services of its wholly owned subsidiary Stolt-Nielsen Transportation Group, provides integrated transportation for its customers. Stolt Sea Farm, wholly owned by the Company, produces and markets high quality turbot and Southern bluefin tuna.

Forward-Looking Statements

This press release contains "forward-looking statements" within the meaning of Section 27A of the Securities Act of 1933 and Section 21E of the Securities Exchange Act of 1934. These statements may be identified by the use of words like "anticipate," "believe," "estimate," "expect," "intend," "may," "plan," "project," "will," "should," "seek," and similar expressions. The forward-looking statements reflect the Company's current views and assumptions and are subject to risks and uncertainties. The following factors, and others which are discussed in the Company's public filings and submissions with the U.S. Securities and Exchange Commission, are among those that may cause actual and future results and trends to differ materially from the Company's forward-looking statements: the general economic conditions and competition in the markets and businesses in which the Company operates; changes in the supply of and demand for parcel tanker, tank container and terminal capacity in the markets in which the Company operates; changes in the supply of and demand for the products we transport, particularly the bulk liquids, chemicals and other specialty liquids that form the majority of the products that we transport; prevailing market rates for the transportation services that the Company offers and the fish products that the Company sells; changes in bunker fuel prices; the cost and feasibility of maintaining and replacing the Company's older ships and building or purchasing new ships; uncertainties inherent in operating internationally; the outcome of legal proceedings; the Company's relationship with significant customers; the outcome of discussions with customers concerning potential antitrust claims; the impact of negative publicity; environmental challenges and natural conditions facing the Company's aquaculture business; the impact of laws and regulations; operating hazards, including marine disasters, spills or environmental damage; the conditions and factors that may influence the decision to issue future dividends; and the market for long-term debt. Many of these factors are beyond the Company's ability to control or predict. Given these factors, you should not place undue reliance on the forward-looking statements. Should one or more of these risks or uncertainties occur, or should management's assumptions or estimates prove incorrect, actual results and events may vary materially from those discussed in the forward-looking statements.

- end text -

Copyright © Hugin ASA 2006. All rights reserved.

SOURCE: Stolt-Nielsen S.A.

Back To Recent News

Issuers of news releases, not Market Wire, are solely responsible for the accuracy of the content.

For more information about Market Wire's services, please Contact Us.

Site Map | Contact Us | Privacy Statement | Terms of Service | Copyright Market Wire