**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **JOEL MENKES, Individually and on behalf of all others similarly situated,** : : : : | |
| **Plaintiffs,** : : | No. 3:03CV00409(DJS) |
| **v.** : : | |
| **STOLT-NIELSEN S.A., JACOB STOLT-NIELSEN, NIELS G. STOLT-NEILSEN, SAMUEL COOPERMAN, and REGINALD J.R. LEE,** : : : : : | |
| **Defendants.** : | |

## ORDER

Lead Plaintiffs, Irene Rucker and Gustav Rucker, bring this action on behalf of a putative class of purchasers of defendant Stolt-Nielsen S.A.'s American Depository Receipts for the period of May 31, 2000 through February 20, 2003 pursuant to Sections 10(b), 15 U.S.C. § 78j(b), and 20(a), 15 U.S.C. § 78t, of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 78a-78mm, and Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder, against Stolt-Nielsen S.A. ("SNSA"),[1] Jacob Stolt-Nielsen, Niels G. Stolt-Nielsen, Samuel Cooperman ("Cooperman"), and Reginald J.R. Lee (collectively, "Defendants"). At issue now is whether the court should stay discovery pending the outcome of

---

[1] SNSA engages in, among other things, international shipping. According to Lead Plaintiffs, SNSA's international shipping concerns are coordinated through SNSA's wholly-owned subsidiary, Stolt-Nielsen Transportation Group, Inc. ("SNTG"), which Lead Plaintiffs have also implicated in their claims.

criminal proceedings against certain Defendants.  On September 6, 2006, the Antitrust Division of the United States Department of Justice brought indictments against SNSA, SNTG, and Cooperman[2] in the U.S. District Court for the Eastern District of Pennsylvania.  That indictment contains a single count alleging that SNSA, SNTG, and Cooperman violated the Sherman Act, 15 U.S.C. § 1, by engaging in anti-competitive conduct in the parcel tanker industry.  On September 26, 2006, Defendants filed a Motion to Stay Discovery **(dkt. # 73)**.  For the following reasons, Defendants' motion is **GRANTED**.

"Nothing in the Constitution forbids contemporaneous civil and criminal proceedings concerning the same subject matter." Nosik v. Singe, 40 F.3d 592, 596 (2d Cir. 1994).  Nevertheless, "A district court has the discretionary authority to stay a civil proceeding pending the outcome of a parallel criminal case when the interests of justice so require." Bridgeport Harbour Place I, LLC v. Ganim, 269 F. Supp. 2d 6, 8 (D. Conn. 2002).  "This authority allows a court to stay civil proceedings, postpone civil discovery or impose protective orders and conditions when the interests of justice seem to require such action." Id. (internal quotation marks omitted).  "In determining whether to impose a stay of discovery, the court must balance the interests

---

[2] The indictment was also brought against Richard B. Wingfield, an SNTG executive who is not a party to this action.

of the litigants, nonparties, the public and the court itself." Id.  Defendants ask the court to stay discovery in this case until the resolution of the pending parallel criminal case.

Taking into account all of the parties' concerns, the court finds that a stay of discovery is warranted at this time.  In particular, the court is mindful of the possibility that, if discovery were to continue in this case, Cooperman might find himself in dilemma where he must choose between compromising his Fifth Amendment privilege against self-incrimination, thus courting liability in the criminal case, or asserting the privilege, thus courting liability in the civil case.  Still, the court also appreciates Lead Plaintiffs' concerns regarding an expeditious resolution of this case.  **To ensure that discovery is stayed no longer than necessary, Defendants shall submit a status report on or before March 31, 2007.**

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Stay Discovery **(dkt. # 73)** is **GRANTED.  Defendants shall submit a status report on or before March 31, 2007.  The status report shall detail the progress of the above-mentioned criminal case and address the propriety of continuing the stay on discovery. After the submission of that status report, the court shall**

-3-

**determine whether to continue or lift the stay on discovery.**

**SO ORDERED** this <u>4th</u> day of December, 2006.

<pre>
                           /s/DJS
                  _____

                     DOMINIC J. SQUATRITO
                  UNITED STATES DISTRICT JUDGE
</pre>