UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Joel Menkes, *et al.*, | |
| *Plaintiffs*, | |
| *v.* | No. 3:03-CV-409 (DJS) |
| Stolt-Nielsen S.A., *et al.*, | April 2, 2007 |
| *Defendants*. | |

**DEFENDANTS' CORRECTED REPORT
CONCERNING STAY OF PROCEEDINGS**

In its December 4, 2006 Order, this Court stayed these civil proceedings, but required that Defendants: (1) update the Court as to the status of the criminal action brought by the Antitrust Division against the Stolt-Nielsen corporate defendants, Samuel A. Cooperman and non-party Richard Wingfield, presently pending before the Honorable Bruce W. Kauffman in the United States District Court for the Eastern District of Pennsylvania; and (2) evaluate the continuing need for the stay of this proceeding.

As set forth below, due to one defendant's medical condition, the hearing in the criminal matter has been rescheduled to commence on May 30, 2007, and the parties are presently in the midst of intensive pretrial motions and preparations. Accordingly, Stolt-Nielsen submits that the stay should remain in place and proposes to further update the Court by June 29, 2007 regarding the status of the criminal matter.

1. **Status Of The Criminal Matter**

Since this Court's December 4 Order staying this proceeding, the criminal proceedings have been very active. The docket presently includes more than 120 entries and the parties have

completed the initial briefing of the merits of the criminal defendants' motions to dismiss the indictment. (As the Court will recall, it is Stolt-Nielsen's position that its Amnesty Agreement with the Antitrust Division bars the criminal prosecution and accordingly Stolt-Nielsen and the other criminal defendants moved to dismiss the indictment).

When this Court stayed this civil proceeding in December and asked for a report on the status of the criminal matter, the hearing on the criminal defendants' motions to dismiss was scheduled for March 19, 2007. Richard Wingfield, who resides in New Zealand, thereafter notified Judge Kauffman (through counsel) that he had suffered two major heart attacks. His physician advised counsel and Judge Kauffman that Mr. Wingfield would not be fit to travel to the United States for trial for a March 19 hearing. Accordingly, on February 17, 2007, Judge Kauffman rescheduled the hearing on the motions to dismiss to begin on May 30, 2007 (Ex. 1).

In rescheduling the hearing for May 30, Judge Kauffman issued an order attaching all counsel and specially listing the evidentiary hearing on his calendar for May 30 in light of the "many witnesses [who] will be traveling long distances from various countries to testify at the pre-trial hearing on Defendants' Motion to Dismiss the Indictment." (Ex. 2.) Judge Kauffman entered this March 2 Order to ensure that the parties understood that the May 30 hearing date was firm.

Presently, the parties are actively preparing for the May 30, 2007 hearing. The parties have filed various pretrial motions regarding evidentiary and other issues. Some of these motions have been fully briefed and are awaiting a ruling by Judge Kauffman, while others are still being briefed. Stolt-Nielsen expects the hearing to proceed on May 30, 2007, as scheduled.

**2.    The Stay Should Remain In Effect**

Stolt-Nielsen submits that the stay should remain in place, as the criminal proceeding is

now entering an intense pre-trial phase.  Nothing has occurred in the criminal matter to lessen the prejudice to Stolt-Nielsen or individual defendant Samuel Cooperman of proceeding simultaneously with the criminal matter and this matter.  As the Court recognized in its December 4 Order, the factors set forth in *Bridgeport Harbour Place I, LLC v. Ganim*, 269 F. Supp. 2d 6 (D. Conn. 2002), favor staying this action while Judge Kauffman hears the criminal defendants' motions to dismiss the indictment.  Among other things, this Court recognized that, absent a stay, Mr. Cooperman would be placed in the untenable position of compromising his Fifth Amendment privilege against self-incrimination or asserting that privilege and risking liability in the civil case.  Dec. 4, 2006 Order at 3.  Given the status of the criminal matter, the *Bridgeport* factors continue to apply with full force.

Even with the brief two-month postponement of the hearing on the motions to dismiss that was required by Mr. Wingfield's medical condition, the hearing on the motion to dismiss is scheduled to begin less than six months after the stay went into effect.  In light of the substantial constitutional interests at stake in this matter, and the compelling factors this Court has already considered, continuation of the stay at this time remains appropriate.

Respectfully submitted,

*Counsel for Defendants Stolt-Nielsen S.A., Stolt-Nielsen Transportation Group Ltd., Jacob Stolt-Nielsen, Niels G. Stolt-Nielsen, Samuel Cooperman and Reginald J.R. Lee*

By: /s/ Jaime M. Crowe

|  |  |
|---|---|
| Michael P. Shea (ct19598) | Christopher M. Curran (ct22743) |
| Jason S. Weathers (ct24579) | J. Mark Gidley (ct18450) |
| Day Pitney LLP | Peter J. Carney (ct24721) |
| City Place I | Jaime M. Crowe (ct25657) |
| 185 Asylum Street | WHITE & CASE LLP |
| Hartford, CT 06103-3499 | 701 Thirteenth Street, N.W. |
| Tel: (860) 275-0356 | Washington, DC 20005 |
| Fax: (860) 275-0343 | Tel: (202) 626-3600 |
| E-Mail: jsweathers@daypitney.com | Fax: (202) 639-9355 |
|  | E-Mail: jcrowe@whitecase.com |