```
         IN THE UNITED STATES DISTRICT COURT

      FOR THE EASTERN DISTRICT OF PENNSYLVANIA
                         ---

UNITED STATES OF AMERICA     :  CRIMINAL ACTION
                             :
     vs.                     :
                             :
STOLT-NIELSEN S.A.,          :
STOLT-NIELSEN TRANSPORTATION :
GROUP LTD. (LIBERIA),        :
STOLT-NIELSEN TRANSPORTATION :
GROUP LTD. (BERMUDA),        :
SAMUEL A. COOPERMAN, and     :
RICHARD B. WINGFIELD         :  NO. 06-466


              PHILADELPHIA, PENNSYLVANIA
                    June 20, 2007
           BEFORE HONORABLE BRUCE W. KAUFFMAN

                       HEARING



APPEARANCES:



FOR THE GOVERNMENT: OFFICE OF THE DEPARTMENT OF
JUSTICE
                    ANTITRUST DIVISION
                    BY: ANTONIA R. HILL, ESQUIRE
                    WENDY BOSTWICK NORMAN, ESQUIRE
                    KIMBERLY JUSTICE, ESQUIRE
                    LAURA HEISER, ESQUIRE
                    JEFFREY C. PARKER, ESQUIRE
                    The Curtis Center, Suite 650 W
                    170 S. Independence Mall West
                    7th and Walnut Streets
                    Philadelphia, Pennsylvania 19106



           Gregg B. Wolfe, RPR, CM
           Official Court Reporters
         601 Market Street, Room 1234
         Philadelphia, Pennsylvania 19106
                  215-460-1511
```

Page 2

```
 1   APPEARANCES CONTINUED:
 2
 3   FOR STOLT-NIELSEN, SA WHITE & CASE, LLP
 4        BY: CHRISTOPHER M. CURRAN, ESQ.
             J. MARK GIDLEY, ESQUIRE
 5           GEORGE L. PAUL, ESQUIRE
             PETER J. CARNEY, ESQUIRE
 6           LUCIUS B. LAU, ESQUIRE
             JAIME CROWE, ESQUIRE
 7        701 13th Street NW
          Washington, DC  20005
 8
 9   FOR SAMUEL COOPERMAN: MORVILLO, ABRAMOWITZ, GRAND,
10        IASON, ANELLO & BOHRER, PC
          BY: ELKAN ABRAMOWITZ, ESQUIRE
11            JONATHAN S. SACK, ESQUIRE
              ANDREW J. SCHELL, ESQUIRE
12        565 Fifth Avenue
          New York, NY  10017
13
14
          OBERMAYER, REBMANN,
15        MAXWELL & HIPPEL LLP
          BY: WALTER M. PHILLIPS, ESQUIRE
16        One Penn Center, 19th Floor
          1617 John F. Kennedy Boulevard
17        Philadelphia, PA  19103
18
19
20
21
22
23        Gregg B. Wolfe, RPR, CM
24         Official Court Reporters
          601 Market Street, Room 1234
25        Philadelphia, Pennsylvania 19106
                215-460-1511
```

Page 3

```
 1   APPEARANCES CONTINUED:
 2
 3   FOR RICHARD B. WINGFIELD: THOMAS A. BERGSTROM, ESQUIRE
          138 Davis Road
 4        Malvern, PA  19355
 5
 6        FINE, KAPLAN and BLACK, PC
          BY:  ALLEN D. BLACK, ESQUIRE
 7            ROBERTA D. LIEBENBERG, ESQ.
              GERARD A. DEVER, ESQUIRE
 8        1835 Market Street, 28th Flr
          Philadelphia, PA  19103
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23        Gregg B. Wolfe, RPR, CM
           Official Court Reporters
24        601 Market Street, Room 1234
          Philadelphia, Pennsylvania 19106
25             215-460-1511
```

Page 4

 1  (The Court began the proceedings at
 2  10:30 a.m.)
 3       THE COURT: Good morning. With regard
 4  to the notes that the government gave to us
 5  yesterday, I guess it was, we've looked them
 6  over, and we've come to two conclusions.
 7       One, that we are probably not the best
 8  ones to determine for sure whether there's any
 9  real significance in them, because it didn't
10  look like there's a lot of significance to us,
11  but you might find that there is something
12  significant.
13       Two, and perhaps more importantly, I
14  don't see any harm in turning them over unless
15  you can persuade me that I missed something
16  there.
17       MS. HILL: Well, obviously, Your Honor,
18  the government prefers that its notes not be
19  turned over, but --
20       THE COURT: Well, give me a good reason
21  why not.
22       MS. HILL: There's no real harm other
23  than those are the government's work product.
24       THE COURT: Okay. Well, I think it's a
25  criminal case, and I don't see real harm to the

Page 5

 1  government.
 2       I have to admit that they may see
 3  things in these notes that I don't. So I think
 4  in case of doubt in that kind of circumstance,
 5  give the defendants the benefit of the doubt and
 6  let them see the notes. So you'll get to see
 7  the notes.
 8       MR. CURRAN: Thank you, Your Honor.
 9  Your Honor, may I propose as the first order of
10  business today, that Mr. Crowe give a report to
11  Your Honor on the parties' negotiations over
12  documents, and I think he's prepared to present
13  a stipulation for Your Honor's consideration.
14       THE COURT: Sure, very good.
15       MR. CROWE: Good morning, Your Honor.
16       THE COURT: Good morning, sir.
17       MR. CROWE: The parties have worked
18  cooperatively over the past few days to try to
19  reach a resolution of at least a large number of
20  document issues in this case. I'm happy to
21  report that we've been able to reach agreement
22  on a large chunk.
23       Rather than recite the list of exhibits
24  that the parties agree admissible, if Your Honor
25  will allow, we have a stipulation with a

Page 230

1  why don't we call the unshaded.  Apparently, the
2  version we had was shaded.  The other version is
3  unshaded.  We have no objection to offering the
4  unshaded version, which, for clarity, I think
5  we'll call 21A, and 21 will be offered solely
6  for identification, and 21A will go into
7  evidence.
8         We don't have any objection.
9         THE COURT:  It sounds like a good
10 solution.
11        MR. PARKER:  The next one is Government
12 Exhibit 300.  This is a plaintiff's motion for
13 leave to take depositions of federal prisoners,
14 including Erik Nilsen.  I don't believe -- and
15 also the -- a couple other related documents,
16 including the judge's order granting the motion.
17 I believe we've shown this to defense, and I
18 don't believe there's any objection.
19        MR. CURRAN:  No objection from
20 Stolt-Nielsen.
21        MR. SACK:  No objection.
22        MS. LIEBENBERG:  No objection.
23        THE COURT:  Without objection, it will
24 be admitted.
25        MR. PARKER:  Actually, that's all the

Page 231

1  documents we have.  The only other issue was the
2  followup again to yesterday, just a loose end.
3  There was a DX-4056.  It was a contract -- it
4  was a Rhodia contract.
5         I believe that we had objected
6  initially to the admission of this document
7  because it wasn't a complete document or it
8  wasn't signed.
9         THE COURT:  I remember that.
10        MR. PARKER:  Without conceding that,
11 you know -- we believe there is a signed version
12 of the document out there that would be
13 considered a complete document.  We have not
14 been able to locate that, so we withdraw our
15 objection to that document.
16        That's document DX-4056, we have no
17 objection to.
18        THE COURT:  Very well, without
19 objection, that will be part of the record.
20        MR. PARKER:  That's all, Your Honor.
21        THE COURT:  Does anyone else have
22 anything else to offer?
23        Everybody closes his or her case,
24 absent the one or two things that we
25 specifically left for decision tomorrow morning,

Page 232

1  and we'll hear summaries tomorrow.
2         MR. SACK:  I take it we'll get those
3  notes that we have been talking about this
4  afternoon -- this evening or this afternoon?
5         MS. HILL:  Yes, yes.
6         MR. SACK:  Thank you.
7         THE COURT:  All right.  Let's talk
8  about the dates.  Mr. Curran suggested -- today
9  is the 20th.
10        What do you suggest now that we have a
11 little more time?
12        MR. CURRAN:  Now, that was a thoughtful
13 consideration before when I said Friday,
14 June 29th, but I do want to credit Mr. Sack's
15 concern and any issues that the Wingfield team
16 has.
17        Obviously, like I said, there would be
18 nothing preventing the company filing early if
19 we so chose, correct, Your Honor?
20        THE COURT:  Sure.  I remember when I
21 was an associate in a law firm, a senior partner
22 made commitments which meant that I had to work
23 around the clock.
24        I'm trying to protect your associates.
25        MR. CURRAN:  Your Honor, believe it or

Page 233

1  not, law firms have changed and now the partners
2  work constantly, too.
3         THE COURT:  I did, too, but not on
4  drafting proposed findings of fact.
5         MR. CURRAN:  So I don't know if the
6  Wingfield and Cooperman teams --
7         MS. LIEBENBERG:  Your Honor, July 13th,
8  would that be sufficient, given the July 4th
9  holiday?
10        THE COURT:  July 13th for the
11 defendants' proposed findings of fact and
12 conclusions of law and memoranda.
13        MR. SACK:  Is that a Friday?
14        MS. LIEBENBERG:  Yes.
15        THE COURT:  Are you sure you want
16 Friday the 13th?
17        MR. SACK:  Let's do the Monday.
18        MS. LIEBENBERG:  Monday, the 16th.
19        THE COURT:  Some people think that's a
20 lucky day.
21        All right.  We'll make it Monday, the
22 16th of July.
23        How much time does the government need?
24 I'm sure you'll be working on them, anticipating
25 what they are going to say, but did you need

Page 234

```
 1  some extra time?
 2       MS. HILL:  We have three weeks after
 3  that?
 4       THE COURT:  Sure.
 5       MS. HILL:  That would be August 6th,
 6  Your Honor.
 7       THE COURT:  August 6th.  Okay.
 8  August 6th.
 9       Fortunately for you all, my law clerk
10  is staying for her second year, so I guess
11  fortunately for me.
12       So we can run beyond August.
13       MR. CURRAN:  In that case, Your Honor,
14  we have a few more witnesses we'd like to call.
15       THE COURT:  Any response that you feel
16  compelled to make -- and I really do urge you
17  not to argue anything that's not new, how much
18  time do you think you need, a week, two weeks?
19       MS. LIEBENBERG:  Two to three weeks.
20       MR. CURRAN:  I'm hearing two to three
21  weeks.  That would be August 20th.
22       THE COURT:  August 20th, does that meet
23  everybody -- I don't want to bite into all of
24  your vacations.
25       MR. CURRAN:  Isn't that 14 days after
```

Page 235

```
 1  August 6th?
 2       THE COURT:  I am very careful to
 3  recognize that lawyers need vacations.
 4       MR. CURRAN:  Shall we make it three
 5  weeks then?
 6       MS. LIEBENBERG:  Yes.
 7       MR. CURRAN:  Your Honor, the proposal,
 8  I guess, is three weeks.  Maybe make it
 9  August 27th.
10       THE COURT:  With the promise that it
11  won't be anything but new.
12       MR. CURRAN:  Understood.
13       THE COURT:  We're not rehashing.  We're
14  not going to rehash.
15       All right, August 27th.  I'd like to
16  tell you when we would issue our opinion, but
17  I'm not prepared to do that yet.
18       MR. SACK:  Lawyers have deadlines.
19       THE COURT:  We have, believe it or not,
20  another major trial starting soon.  That one
21  will go for even longer than this one.
22       All right.  Is there anything else that
23  we need to do this afternoon?
24       MR. CURRAN:  I don't think so, Your
25  Honor.
```

Page 236

```
 1       MS. HILL:  No, Your Honor.
 2       THE COURT:  All right, we'll start at
 3  10 o'clock tomorrow morning.  I don't want -- as
 4  I say, I don't want to impose artificial time
 5  limits, but we are going to finish with this
 6  tomorrow, so I'm sure none of you need to be so
 7  long-winded that we won't be able to finish
 8  tomorrow.
 9       We are starting at 10 o'clock.  Thank
10  you all.
11       (Court adjourned the proceedings at
12  5:15 p.m.)
```

Page 263

```
 1                I N D E X
 2  WITNESSES         DIRECT  CROSS REDIRECT RECROSS
 3
    BARRY HARRIS
 4  By Mr. Gidley      21            83
    By Mr. Rosenberg           39
 5  By Mr. Bergstrom           81
 6
    BJORN SJAASTAD
 7  By Ms. Justice     90
    By Mr. Curran             105
 8  By Mr. Bergstrom          132
    By Mr. Sack               143
 9
10
11
12
13
14
15
16
17           C E R T I F I C A T I O N
18  I certify that the foregoing is a correct transcript
19  from the record of the proceedings in the
20  above-entitled matter.
21  DATE_____
22     Gregg B. Wolfe, R.P.R., C.M.
23
24
25
```