UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOEL MENKES, *et al.*, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>STOLT-NIELSEN S.A., *et al.*,<br><br>Defendants. | Civil Action No. 3:03-cv-00409-DJS<br><br><br>March 19, 2008 |

**PLAINTIFFS' CONSENT MOTION FOR RECONSIDERATION**
**CONCERNING STAY OF DISCOVERY PENDING MEDIATION**

1.     On March 18, 2008, this Court issued an Order lifting the stay of discovery it had issued in this litigation.  Plaintiffs, with Defendants' consent, respectfully request that the Court reconsider its March 18, 2008 Order and continue the stay of discovery.

2.     The parties have agreed to pursue mediation in an effort to resolve this litigation and to avoid the burdens associated with litigation, including discovery.  As one Court has noted, given the "heavy caseloads shouldered today by federal and State courts alike, mediation provides a vital alternative to litigation." *Fields-D'Arpino v. Rest. Assoc., Inc.*, 39 F. Supp. 2d 412, 417 (S.D.N.Y. 1999); *see id.* (noting "cost-effectiveness" and "speed" of mediation); *Rand-Whitney Containerboard v. Town of Montville*, Civ. No. 3:96CV413 (HBF), 2006 WL 2839236, at *26 (D. Conn. Sept. 5, 2006) (noting that mediation facilitates "a neutral environment for parties to meet and discuss whether an alternative resolution of the case can be agreed upon prior to incurring the costly expense of trial.").

3.     Within the past few weeks, the parties have moved quickly to pursue mediation.  As of the date of this motion, the parties have agreed to appoint former United States District Judge

Nicholas Politan as a mediator. The parties have been in contact with Judge Politan, and Judge Politan has indicated his availability to preside over a mediation in April or May 2008.

4. While mediation (like litigation) is inherently uncertain, the parties had agreed to pursue mediation with the understanding that the stay of discovery would continue. Briefly continuing the stay while mediation proceeds is the most efficient and cost-effective way to proceed. In fact, courts in this Circuit frequently are "willing to entertain a brief stay" so that "mediation can continue uninterrupted[.]" *Pensionsversicherungsanstalt v. Turner*, No. 04 Civ. 1694(RJH)(MHD), 2004 WL 1852993, at *1 (S.D.N.Y. Aug. 16, 2004); *see also Bridgeport Machs., Inc. v. Alamo Iron Works, Inc.*, 76 F. Supp. 2d 209, 211 (D. Conn. 1999) (identifying prior order staying proceeding "pending completion of the mediation process") (internal punctuation omitted); *Cayuga Indian Nation of New York v. Pataki*, No. 80-CV-930, 80-CV-960, 1999 WL 224615, at *1 (N.D.N.Y. Apr. 15, 1999) (maintaining a stay during negotiation and mediation until it "became clear that the parties had once again come to a complete impasse").

5. As the Court is aware, discovery is expensive and time-consuming for all parties. If the parties engage in discovery while mediation is underway, it will certainly divert valuable resources from mediation. Moreover, staying discovery while mediation is underway can help focus the attention and goodwill of the parties, and facilitate a possible resolution of the litigation.

6. While Plaintiffs respect the Court's desire that this litigation move forward, any further stay of discovery would be brief. As noted, Judge Politan has indicated that he is available to mediate in April or May 2008. After the mediation session, the parties would report to the Court regarding the results of the mediation. Thus, Plaintiffs expect that by the end of May 2008, the parties will have agreed to settle this litigation, or will be in a position to proceed with this litigation. Any delay, at this point, would be relatively short. Not only will a further brief stay prejudice no

party, but all parties agree that continuing the stay while mediation proceeds will facilitate the mediation.

7.Under the circumstances, Plaintiffs respectfully request that the Court continue the stay of discovery until the parties' mediation efforts have concluded. Furthermore, Plaintiffs respectfully suggest that, within one week of the mediation's conclusion, the parties report to the Court regarding the status of this litigation, and in no event later than June 10, 2008.

Respectfully submitted,

*Plaintiffs Irene and Gustav Rucker, et al.*

By: *s/ Mark S. Reich*

| | |
|---|---|
| DAVID R. SCOTT (CT 16080) | SAMUEL H. RUDMAN |
| SCOTT + SCOTT, LLC | MARK S. REICH |
| 108 Norwich Avenue | COUGHLIN STOIA GELLER |
| Colchester, CT 06415 |   RUDMAN & ROBBINS LLP |
| Telephone: 860/537-3818 | 58 South Service Road, Suite 200 |
| 860/537-4432 (fax) | Melville, NY 11747 |
| E-Mail: drscott@scott-scott.com | Telephone: 631/367-7100 |
| | 631/367-1173 (fax) |
| | E-Mail: mreich@csgrr.com |

3

**CERTIFICATION**

I hereby certify that on March 19, 2008, a copy of the foregoing Plaintiff's Consent Motion for Reconsideration Concerning Stay of Discovery Pending Mediation was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

BY: *s/ Mark S. Reich*
MARK S. REICH

MARK S. REICH
COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
E-Mail: mreich@csgrr.com