UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IRENE RUCKER and GUSTAV RUCKER,<br>Individually and On Behalf of All Others<br>Similarly Situated, | ) ) ) | Civil Action No. 3:03-cv-00409-DJS |
| | ) | CLASS ACTION |
| Plaintiffs, | ) ) | STIPULATION OF SETTLEMENT |
| | ) | |
| vs. | ) ) | |
| | ) | |
| STOLT-NIELSEN S.A., JACOB STOLT-<br>NIELSEN, NIELS G. STOLT-NIELSEN,<br>SAMUEL COOPERMAN and REGINALD<br>J.R. LEE, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) ) | |

This Stipulation of Settlement dated July 1, 2009 (the "Stipulation"), is made and entered into pursuant to Rule 23 of the Federal Rules of Civil Procedure and contains the terms of a settlement by and among the following Settling Parties to the above-captioned litigation (the "Litigation"): (i) Lead Plaintiff Gustav Rucker (on behalf of himself and each of the Class Members, as defined below);[1] and (ii) Defendants Stolt-Nielsen S.A. ("Stolt-Nielsen" or the "Company"), Stolt-Nielsen Transportation Group Ltd. ("SNTG"), Jacob Stolt-Nielsen, Niels G. Stolt-Nielsen, Samuel Cooperman, and Reginald J.R. Lee, by and through their respective undersigned counsel of record in the above-captioned matter.

This Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims against the Released Parties, upon and subject to the terms and conditions hereof and subject to the approval of this Court.

## I.     THE LITIGATION

On March 7, 2003, a class action complaint was filed in the United States District Court for the District of Connecticut (the "Court") on behalf of (i) purchasers of Stolt-Nielsen American Depository Receipts on the NASDAQ between February 1, 2001 and February 20, 2003, inclusive, and (ii) United States-located purchasers of Stolt-Nielsen ordinary shares traded on the Oslo Stock Exchange between May 24, 2000 and February 20, 2003, inclusive.

On September 8, 2003, Lead Plaintiff filed the Consolidated Amended Class Action Complaint for Violations of Federal Securities Laws (the "Complaint") against Defendants alleging, among other things, that during the Class Period (as defined in ¶¶1.3 and 1.4 below), Defendants made false and misleading statements regarding Stolt-Nielsen's operations, revenues, and earnings, including those of Stolt-Nielsen's wholly-owned subsidiary SNTG.

---

[1]     Irene Rucker had been named a Lead Plaintiff, but passed away. Therefore, she is no longer referred to herein as a Lead Plaintiff.

On October 27, 2003, Defendants moved to dismiss the Complaint, which motion was opposed by Lead Plaintiff. On November 10, 2005, the Court issued its Memorandum of Decision granting with prejudice Defendants' motion to dismiss ("Decision 05").

On or about November 28, 2005, Lead Plaintiff moved to reconsider the Court's decision to dismiss the Complaint with prejudice. Following briefing by the parties, on January 27, 2006, the Court issued an order modifying its Decision 05 to be without prejudice to allow Lead Plaintiff to file an amended complaint. On or about March 1, 2006, Lead Plaintiff filed the Second Consolidated Amended Class Action Complaint (the "Second Complaint"). Defendants moved to dismiss the Second Complaint, which Lead Plaintiff opposed. On June 19, 2006, the Court issued its Memorandum of Decision denying Defendants' motion to dismiss but entering a discretionary stay of the litigation. The Court also permitted Defendants to file another motion to dismiss concerning Lead Plaintiff's scheme liability claims, which motion Defendants filed on August 11, 2006. The scheme liability claim was later dismissed voluntarily.

On or about September 26, 2006, Defendants filed a motion to stay discovery pending resolution of the criminal proceedings that the United States Department of Justice was prosecuting regarding Defendants' alleged anti-competitive activities. The stay was granted on December 4, 2006. Those court-ordered stays immediately preceded an agreed stay the parties to this litigation had agreed to pending mediation.

On May 6, 2008, the parties attended a day-long mediation before the Honorable Nicholas H. Politan (Ret.), a retired United States District Judge. Prior to that mediation, the parties provided Judge Politan with extensive materials supporting their positions and possible defenses, as well as a range of damages suffered by the Class. Although no settlement agreement was reached during that mediation, the parties continued to discuss a resolution of the case, and, in March 2009, reached an agreement-in-principle to settle the litigation on the terms set forth herein.

## II.    CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY

In the Order and Final Judgment, the Class shall be certified for purposes of this Settlement only, but in the event that the Settlement is not finally approved by the Court, all parties reserve all their rights on all issues, including whether a class should be certified.  For settlement purposes only, in connection with the Order and Final Judgment (as defined in ¶1.12 hereof), the Defendants shall consent to (i) certification of this Litigation as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the Class as defined herein, and (ii) certification of Lead Plaintiff as the Class Representative and Lead Counsel as Class Counsel.

## III.   CLAIMS OF THE LEAD PLAINTIFF AND BENEFITS OF
##        SETTLEMENT

Lead Counsel, on behalf of Lead Plaintiff, have conducted an extensive investigation relating to the claims and the underlying events and transactions alleged in the Complaint.  Lead Counsel's investigation included: (i) review of Stolt-Nielsen's SEC filings, regulatory filings, and reports, securities analysts' reports and advisories about the Company, press releases, and other public statements issued by the Company; (ii) review of media reports about the Company; and (iii) interviews with persons claiming knowledge of the misconduct alleged in the Complaint.

Lead Plaintiff believes that the claims asserted in the Litigation have merit.  However, Lead Plaintiff and Lead Counsel recognize the expense, length, and complexity of continued proceedings necessary to prosecute the Litigation against the Defendants through trial and appeal.  Lead Plaintiff and Lead Counsel also have taken into account the uncertain outcome and the risk of litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation.  Lead Counsel also are mindful of the inherent problems of proof of, and possible defenses to, the allegations and claims asserted in the Litigation.

Accordingly, Lead Plaintiff, by his counsel, conducted discussions and arm's-length negotiations with counsel for Defendants with respect to a compromise and settlement of the

- 3 -

Litigation, with a view to settling the issues in dispute against the Defendants and achieving the best relief possible consistent with the interests of the Class.

Based upon their investigation as set forth above, Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiff and the Class, and in their best interests. Lead Counsel and Lead Plaintiff believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class and each of the Class Members, and have agreed to settle the claims raised in the Litigation pursuant to the terms and provisions of this Stipulation, after considering: (a) the benefits that Lead Plaintiff and the members of the Class will receive from the settlement of the Litigation; (b) the attendant risks of litigation; and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

## IV.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny all allegations of any wrongdoing under the securities laws or liability against them whatsoever arising out of any of the conduct, statements, acts or omissions alleged in the Litigation. The Defendants also have denied and continue to deny, *inter alia*, the allegations that they committed any wrongdoing under the securities laws, that Defendants made any material misrepresentations or omissions, that the Lead Plaintiff or the Class, as defined below, have suffered any damages, or that the Lead Plaintiff or the Class were harmed by any conduct alleged in the Litigation or that could have been alleged therein. Defendants do not in any way acknowledge any fault, liability or wrongdoing of any kind. This Stipulation and all related documents are not, and shall not in any event be construed or deemed to be, evidence of or an admission or concession on the part of Defendants with respect to any claim of or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in Defendants' defenses.

- 4 -

Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted, time-consuming, expensive, and distracting, including, without limitation, to Stolt-Nielsen and its management, and that it is desirable that the Litigation be fully and finally settled. The Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Litigation. The Defendants have, therefore, determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## V.     TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the Lead Plaintiff (on behalf of himself and each of the Class Members) and the Defendants, by and through their respective undersigned counsel or attorneys of record, that without any admission or concession on the part of Lead Plaintiff of any lack of merit of the Litigation whatsoever, and without any admission or concession by the Defendants of any liability or wrongdoing or lack of merit in the defenses to the Litigation whatsoever, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and in consideration of the benefits flowing to the Settling Parties from the Settlement, that all Released Claims as against the Released Parties, and all Released Defendants' Claims, shall be finally, fully, and forever compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to all Released Parties, upon and subject to the following terms and conditions.

### 1.     Certain Definitions

As used in this Stipulation, the following terms have the meanings specified below:

1.1     "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.2     "Claims Administrator" means the firm of Gilardi & Co. LLC.

- 5 -

1.3     "Class" and "Class Members" mean (i) all purchasers of Stolt-Nielsen American Depository Receipts from February 1, 2001 through February 20, 2003, inclusive, and (ii) all United States-located purchasers of Stolt-Nielsen ordinary shares traded on the Oslo Stock Exchange between May 24, 2000 and February 20, 2003, inclusive. Excluded from the Class are: Defendants, members of the families of each of the Individual Defendants; any parent, subsidiary, affiliate, partner, officer, employee, executive or director of any Defendant during the Class Period; any entity in which any such excluded Person has a controlling interest; and the legal representatives, heirs, successors, and assigns of any such excluded party. Also excluded from the Class are any putative Class Members who timely and validly exclude themselves from the Class in accordance with the requirements set forth in the Notice.

1.4     "Class Period" means, with respect to all United States-located purchasers of Stolt-Nielsen ordinary shares traded on the Oslo Stock Exchange, the period between May 24, 2000 and February 20, 2003, inclusive, and means, with respect to purchasers of Stolt-Nielsen American Depository Receipts, the period from February 1, 2001 through February 20, 2003, inclusive.

1.5     "Defendants" means Stolt-Nielsen S.A., SNTG, Jacob Stolt-Nielsen, Niels G. Stolt-Nielsen, Samuel Cooperman, and Reginald J.R. Lee.

1.6     "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in ¶11.1 below.

1.7     "Escrow Agent" means Coughlin Stoia Geller Rudman & Robbins LLP or its successor(s). The Escrow Agent shall maintain the Settlement Fund in a segregated escrow account not available to the creditors of the Escrow Agent and shall not disburse any amount from the escrow account except as authorized by this Stipulation.

1.8     "Individual Defendants" means Jacob Stolt-Nielsen, Niels G. Stolt-Nielsen, Samuel Cooperman, and Reginald J.R. Lee.

- 6 -

1.9    "Lead Counsel" means Coughlin Stoia Geller Rudman & Robbins LLP or its successor(s).

1.10    "Lead Plaintiff" means Gustav Rucker.

1.11    "Notice" means the Notice of Proposed Settlement of Class Action, which is to be sent to Class Members, substantially in the form attached hereto as Exhibit A-1.

1.12    "Order and Final Judgment" means the proposed order to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.

1.13    "Person" means an individual, corporation, partnership, limited partnership, limited liability partnership (LLP), limited liability company (LLC), association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, and assignees.

1.14    "Plaintiffs' Counsel" means any counsel who have appeared on behalf of any plaintiff in the Litigation (and any successor(s) thereof).

1.15    "Preliminary Approval Order" means the proposed order to be entered by the Court preliminarily approving the Settlement and directing notice thereof to the Class, substantially in the form attached hereto as Exhibit A.

1.16    "Proof of Claim" means the proposed Proof of Claim and Release form to be submitted by Class Members, substantially in the form attached hereto as Exhibit A-2.

1.17    "Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities of any nature or description whatsoever (including, but not limited to, claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or

unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims (as defined in ¶1.23 below), that have been or could have been asserted in any forum by Lead Plaintiff or the Class Members or any of them or the heirs, successors, and assigns of any of them, against any of the Released Parties, which arise out of, are based on, or relate in any way, directly or indirectly, to any of the allegations, acts, transactions, facts, events, matters or occurrences, representations or omissions involved, asserted, set forth, referred to or that could have been asserted in the Litigation and arise out of, are based on, or relate in any way to the purchase of Stolt-Nielsen securities by any Class Member during the Class Period, including, but not limited to, any derivative claims that could have been asserted relating to the Released Claims.

1.18   "Released Defendants' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims (as defined in ¶1.23 below), that have been or could have been asserted in the Litigation or any forum by the Defendants, or the heirs, successors and assigns of any of them against the Lead Plaintiff, any of the Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution or settlement of the Litigation, excluding any claims for breaches of this Stipulation.

1.19   "Released Parties" means each and all of the Defendants, their respective past or present advisors, affiliates, agents, assigns, attorneys, banks or investment banks, co-insurers, consultants, directors, divisions, present and former employees, heirs, insurers, investment advisors, members, officers, parents, predecessors, principals, reinsurers, representatives, stockholders, spouses, subsidiaries, successors, related or affiliated entities, any entity in which any Defendant has a controlling interest, any member of an Individual Defendant's immediate family, or any trust of

- 8 -

which any Defendant is the settlor or which is for the benefit of any Individual Defendant and/or member(s) of his family.

1.20    "Settlement" means the settlement embodied by this Stipulation.

1.21    "Settling Parties" means, collectively, each of the Defendants and the Lead Plaintiff on behalf of himself and each of the Class Members.

1.22    "Summary Notice" means the Summary Notice for publication, substantially in the form attached hereto as Exhibit A-3.

1.23    "Unknown Claims" means any and all Released Claims which the Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Lead Plaintiff and Defendants shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Order and Final Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and the Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiff shall expressly waive, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall

- 9 -

have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Defendants may hereafter discover facts in addition to or different from those which they know or believe to be true with respect to the subject matter of the Released Defendants' Claims, but Defendants shall expressly waive, and by operation of the Order and Final Judgment shall have fully, finally, and forever settled and released any and all Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and the Class Members by operation of law shall be deemed by operation of the Order and Final Judgment to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a key element of the Settlement.

## 2.    Scope and Effect of Settlement

2.1     The obligations undertaken pursuant to this Stipulation shall be in full and final disposition of the Litigation and any and all Released Claims as against all Released Parties and any and all Released Defendants' Claims.

2.2     Upon the Effective Date, Lead Plaintiff and members of the Class, on behalf of themselves and each of their heirs, executors, administrators, successors, and assigns, and any Persons they represent, shall, with respect to each and every Released Claim, release and fully,

- 10 -

finally, and forever discharge, and shall forever be enjoined from prosecuting, any Released Claim against any of the Released Parties.

2.3     Upon the Effective Date, each of the Released Parties, on behalf of themselves and their heirs, successors, and assigns, shall release and fully, finally, and forever discharge each and every of the Released Defendants' Claims, and shall forever be enjoined from prosecuting the Released Defendants' Claims.

### 3.     The Settlement Consideration

#### a.     The Settlement Fund

3.1     In full settlement of the Released Claims, within thirty (30) calendar days following the entry of the Preliminary Approval Order described in ¶¶4.1 and 8.1 below, Defendants shall pay or cause to be paid the sum of Two Million Dollars ($2,000,000) (the "Settlement Amount") into a separate interest-bearing escrow account maintained by the Escrow Agent, on behalf of Lead Plaintiff and the Class. The sum in the interest-bearing escrow account, from which any Taxes (as defined below) and other expenses and costs as described below shall be paid, shall be the "Settlement Fund." The Settlement Fund constitutes the entire settlement payment that Defendants shall be obligated to pay, and is inclusive of the fees and costs that Lead Plaintiff incurs in obtaining final Court approval of the Settlement, including, but not limited to, the costs of providing notice to the Class Members and administering the claims by Class Members, as well as any award of attorneys' fees that Lead Plaintiff may obtain from the Court. If the Settlement Amount is not timely paid, interest shall accrue on the amount not timely paid at the rate of 10% per annum.

3.2     The Settlement Fund shall be applied as follows:

   (a)     to pay the Notice and Administration Costs referred to in ¶5.2 hereof;

   (b)     to pay the attorneys' fee and expense award referred to in ¶¶6.1-6.4 hereof;

   (c)     to pay the Taxes and Tax Expenses described in ¶3.6 hereof; and

(d)     to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as provided in ¶¶7.1-7.5 hereof.

### b.     The Escrow Agent

3.3     The Escrow Agent shall invest any funds in the Settlement Fund in excess of One Hundred Thousand Dollars ($100,000) in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government, or any agency thereof, and shall reinvest the proceeds of those instruments as they mature in similar instruments at their then-current market rates. Any funds held by the Escrow Agent in escrow hereunder in an amount of less than One Hundred Thousand Dollars ($100,000) shall be held in an interest-bearing bank account insured by the FDIC.

3.4     All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed or returned to the Person(s) paying the same pursuant to this Stipulation and/or further order(s) of the Court.

3.5     The Escrow Agent shall not disburse the Settlement Fund or any part thereof except as provided in this Stipulation, by an order of the Court, or with the prior written agreement of counsel for the Defendants and Lead Counsel.

### c.     Taxes and Tax Expenses

3.6     (a)     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Reg. §1.468B-2(k)(1). In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provision of this ¶3.6, including the "relation-back election" (as defined in Treasury Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of

- 12 -

the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file, or cause to be timely and properly filed, all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶3.6(a) hereof) shall be consistent with this ¶3.6 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶3.6(c) hereof.

(c)     All (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriment that may be imposed upon the Defendants or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (ii) expenses and costs incurred in connection with the taxation of the Settlement Fund and operation and implementation of this ¶3.6 (including, without limitation, expenses of tax attorneys and/or accountants) and mailing and distribution costs and expenses related to filing (or failing to file) the returns described in this ¶3.6 ("Tax Expenses") shall be paid out of the Settlement Fund. The Defendants and their counsel shall have no liability or responsibility for the payment of any Taxes or Tax Expenses. The Settlement Fund shall indemnify and hold each of the Defendants and Released Parties and their counsel harmless for any Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund, and shall be timely paid by the

- 13 -

Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Reg. §1.468B-2(l)(2)); neither the Defendants nor their counsel are responsible nor shall they have any liability therefor. The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent necessary to carry out the provisions of this ¶3.6.

(d)     For the purpose of this ¶3.6, references to the Settlement Fund shall include both the Settlement Fund and the Notice and Administration Fund and shall also include any earnings thereon.

**d.     Termination of Settlement**

3.7     In the event that the Stipulation is not approved, or is terminated, canceled, or fails to become effective for any reason, the Settling Parties shall be deemed to have reverted to their respective status in the Litigation as of the execution of this Stipulation. In such event, the terms and provisions of this Stipulation, with the exception of ¶¶3.3-3.6 and 12.1 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. The Settlement Fund (including accrued interest), plus any amount then remaining in the Notice and Administration Fund (including accrued interest), less any taxes and expenses actually incurred or due and owing in connection with the Settlement provided for herein shall be refunded to Defendants. No order of the Court or modification or reversal on appeal of any order of the Court concerning any Plan of Allocation (as referenced in ¶7.2) or the

- 14 -

amount of any attorneys' fee and expense award approved by the Court shall constitute grounds for cancellation or termination of the Stipulation.

## 4.     Preliminary Approval, Preliminary Approval Order, and Settlement Hearing

4.1     As soon as practical following execution of the Stipulation, Lead Counsel shall submit the Stipulation, together with its Exhibits, to the Court and shall apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit A hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the mailing of the Notice and the Proof of Claim, and publication of the Summary Notice, substantially in the forms of Exhibits A-1, A-2 and A-3 attached hereto.

4.2     Lead Counsel shall request that, after the Notice and the Proof of Claim are mailed and the Summary Notice is published, the Court hold a hearing (the "Settlement Hearing") to consider and determine whether to approve the Settlement as fair, reasonable, and adequate, and whether the Order and Final Judgment, substantially in the form of Exhibit B attached hereto, should be entered approving the Settlement as set forth herein and dismissing the Litigation with prejudice. At or after the Settlement Hearing, Lead Counsel will also request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

## 5.     Administration of the Settlement Fund

5.1     The Claims Administrator shall administer the Settlement subject to the jurisdiction of the Court. The Claims Administrator, subject to such supervision and direction of the Court and/or Lead Counsel as may be necessary or as circumstances may require, shall administer the Settlement, including administering and calculating the claims submitted by Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants. Defendants, through their counsel, shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms, including providing without charge to Lead Plaintiff or the Class all

- 15 -

reasonably available information from Stolt-Nielsen's transfer records concerning the identity of Class Members and their transactions within fifteen (15) business days following the execution of this Stipulation. Except for their obligation to pay the Settlement Amount or to cause it to be paid and to cooperate in the production of information with respect to the identification of Class Members from Stolt-Nielsen's shareholder transfer records, Defendants shall have no responsibility for the administration of the Settlement and shall have no liability to the Class in connection with such administration.

5.2    All reasonable costs and expenses of notice to Class Members and administration of the Settlement Fund, escrow fees, taxes, custodial fees, and expenses incurred in connection with processing Proofs of Claim or distributing the Settlement Fund (the "Notice and Administration Costs"), shall be paid from the Settlement Fund. Upon the establishment and funding of the Settlement Fund, a sum not to exceed Two Hundred Thousand Dollars ($200,000) of the Settlement Fund shall be allocated for the express purpose of providing notice of the Settlement and to administer the Settlement pursuant to the terms of the Preliminary Approval Order ("Notice and Administration Fund"), and unspent funds shall be returned to the Settlement Fund. Funds may be disbursed from the Notice and Administration Fund (by the Escrow Agent or by the Escrow Agent to the Claims Administrator) for these purposes without further approval of Defendants or the Court. The Notice and Administration Fund shall be administered by the Escrow Agent as part of the Settlement Fund. Upon the Effective Date, Lead Counsel without further approval of Defendants or the Court, may pay from the Settlement Fund any Notice and Administration Costs associated with the administration of the Settlement, the processing of submitted claims, and distribution of the Net Settlement Fund to Authorized Claimants in excess of the Notice and Administration Fund.

- 16 -

## 6.    Plaintiffs' Counsel's Attorneys' Fees and Expenses

6.1    Lead Counsel will apply to the Court for an award from the Settlement Fund of attorneys' fees and expenses in connection with prosecuting the Litigation, plus interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) (the "Fee and Expense Application"), in an amount to be approved by the Court. Defendants shall not oppose, or encourage anyone to oppose, the Fee and Expense Application. Such attorneys' fees and expenses, as are awarded by the Court, shall be paid from the Settlement Fund to Lead Counsel immediately upon award by the Court, notwithstanding any objection, appeal or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's joint and several obligation to make appropriate refunds or repayments to the Settlement Fund plus accrued interest at the same net rate as is earned by the Settlement Fund, if and when, as a result of any successful collateral attack, the fee or cost award is reduced or reversed. Lead Counsel shall allocate the attorneys' fees amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contribution of such counsel to the prosecution and settlement of the Litigation.

6.2    In the event that the Effective Date does not occur, or the Order and Final Judgment or the order approving the Fee and Expense Application is reversed or modified, or the Stipulation is terminated or cancelled for any reason, and in the event that any attorneys' fees, expenses, and costs have been paid to any extent, Plaintiffs' Counsel who received such fees, expenses, and costs shall, within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the fees, expenses, and costs previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification. Each law firm, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees

- 17 -

that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for purposes of enforcing the provisions of this paragraph.

6.3     The procedure for and the allowance or disallowance by the Court of any applications by Lead Counsel for attorneys' fees, expenses, and costs to be paid out of the Settlement Fund are not part of the Settlement set forth in this Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Order and Final Judgment approving the Stipulation and the Settlement of the Litigation set forth herein.

6.4     The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and expenses to Plaintiffs' Counsel over and above payment from the Settlement Fund.  The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiffs' Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Application, or any award relating thereto that the Court may make in the Litigation.

**7.     Distribution to Authorized Claimants**

7.1     The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with the Plan of Allocation to be described in the Notice and approved by the Court.

7.2     The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized claim (as defined in the Plan of Allocation described in the Notice attached hereto as Exhibit A-1, or in such other Plan of Allocation as the Court approves).

- 18 -

7.3     The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation and it is not a condition of this Stipulation that the Plan of Allocation be approved.

7.4     Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her, or its recognized claim compared to the total recognized claims of all Authorized Claimants.  The Defendants shall have no involvement in reviewing or challenging claims.

7.5     Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator. Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim submitted in the interests of achieving substantial justice.

7.6     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an "Authorized Claimant," the following conditions shall apply:

(a)     Each Class Member shall be required to submit a Proof of Claim (*see* Exhibit A-2 attached hereto), supported by such documents as are designated therein, including proof of the Class Member's loss, or such other documents or proof as Lead Counsel, in their discretion, may deem acceptable;

(b)     All Proofs of Claim must be submitted by the date specified in the Notice unless such period is extended by order of the Court. Any Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to this Stipulation (unless, by order of the Court, a later submitted Proof of Claim by such Class Member is approved), and shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in the Litigation and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims. A Proof of Claim shall be deemed to have been submitted

- 19 -

when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail (or its equivalent) and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below;

(d)     Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the Class Member in order to remedy the curable deficiencies in the Proof of Claim submitted. The Claims Administrator, under supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Class Members whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons therefore, and shall indicate in such notice that the Class Member whose claim is to be rejected has the right to a review by the Court if the Class Member so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Class Member whose claim has been rejected in whole or in part desires to contest such rejection, the Class Member must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Class Member's grounds for contesting the rejection, along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

- 20 -

7.7     Each Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to the Class Member's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Class Member's status as a Class Member and the validity and amount of the Class Member's claim. No discovery shall be allowed on the merits of the Litigation or Settlement in connection with processing of the Proofs of Claim.

7.8     Payment pursuant to this Stipulation shall be deemed final and conclusive against all Class Members. All Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in the Litigation and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

7.9     All proceedings with respect to the administration, processing, and determination of claims described by ¶¶7.1-7.14 of this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

7.10     The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date and after: (i) all claims have been processed, and all Class Members whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefore has expired; and (iii) all costs of administration have been paid.

- 21 -

7.11    If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (a) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution, provided that such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution; (b) second, to pay any additional settlement administration fees and expenses, including those of Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If after six (6) months following such second distribution, if undertaken, or if such second distribution is not undertaken, any funds remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, the Claims Administrator shall donate any funds remaining in the Net Settlement Fund to an appropriate not-for-profit or charitable organization chosen by Lead Counsel.

7.12    This is not a claims-made settlement and, if all conditions of the Stipulation are satisfied and the Effective Date occurs, no portion of the Settlement Fund will be returned to Defendants. The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the

- 22 -

determination, administration or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith.

7.13 No Person shall have any claim against the Lead Plaintiff, Plaintiffs' Counsel, Defendants, the Released Parties, or their counsel based on the administration of the Settlement, including, without limitation, the processing of claims and distributions made in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

7.14 It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Order and Final Judgment approving the Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation.

## 8. Terms of Preliminary Approval Order

8.1 Concurrent with their application for preliminary Court approval of the Settlement contemplated by this Stipulation, Lead Counsel shall apply to the Court for entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## 9. Terms of Order and Final Judgment

9.1 If the Settlement contemplated by this Stipulation is approved by the Court, counsel for the Settling Parties shall request that the Court enter an Order and Final Judgment, substantially in the form attached hereto as Exhibit B.

- 23 -

## 10.    Termination of Settlement and Supplement Agreement

10.1    Subject to ¶10.3 hereof, Defendants have the option (which option must be exercised unanimously) to terminate the Settlement in the event that the aggregate number of shares of Stolt-Nielsen securities purchased during the Class Period by Class Members who would otherwise be entitled to participate as members of the Class, but who timely and validly request exclusion, equals or exceeds a certain percentage of the total number of shares of Stolt-Nielsen securities traded during the Class Period, as set forth in a Supplemental Agreement between Defendants and Lead Plaintiff.

10.2    If Defendants elect to exercise the option set forth in ¶10.1 hereof, written notice of such election must be provided to Lead Counsel and filed with the Court on or before five (5) calendar days prior to the Settlement Hearing.  Such notice may be served by hand delivery or fax. Defendants may withdraw their election by providing written notice of such termination, by hand delivery or fax, to Lead Counsel no later than 5:00 P.M. Eastern Time on the day prior to the Settlement Hearing, or by such later date as the Settling Parties agree in writing.

10.3    If Defendants elect to terminate the Stipulation pursuant to ¶10.1 hereof, Lead Counsel may review the validity of any Class Member's request for exclusion and may attempt to cause retraction or withdrawal of any request for exclusion.  No Defendant or Released Party shall in any way interfere with, obstruct or seek to enjoin legitimate and lawful efforts by Lead Plaintiff to seek to have those Class Members who requested exclusion to withdraw their requests for exclusion. If, by the day before the Settlement Hearing (or a later date agreed upon in writing), Lead Plaintiff is successful in reducing the number of excluded Class Members so that those Class Members excluded, in the aggregate, purchased shares in an amount less than the percentage of the total number of shares of Stolt-Nielsen securities traded during the Class Period, as set forth in the Supplemental Agreement, then any termination of the Stipulation by Defendants shall automatically be deemed null and void.  In that event, Lead Counsel shall serve on counsel for the Defendants by

- 24 -

hand delivery or fax a statement identifying the Class Members who have withdrawn their requests for exclusion.

10.4    If Defendants elect to terminate the Stipulation in accordance with ¶10.1 and such withdrawal is not nullified in accordance with ¶10.3, the Stipulation shall be withdrawn and terminated and deemed null and void, and the provisions of ¶3.7 shall apply.

**11.    Effective Date of Settlement, Waiver or Termination**

11.1    The Effective Date of the Settlement shall be the date by which all the following shall have occurred:

(a)    entry of the Preliminary Approval Order in all material respects in the form attached hereto as Exhibit A;

(b)    payment of the Settlement Amount to the Settlement Fund by Defendants or on their behalf;

(c)    approval by the Court of the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

(d)    expiration of the time for Defendants to exercise their option to terminate the Stipulation in accordance with the terms of the Supplemental Agreement described in ¶10.1 hereof, without the exercise of that option; and

(e)    entry by the Court of an Order and Final Judgment, in all material respects in the form set forth in Exhibit B attached hereto, and the expiration of any time for appeal or review of such Order and Final Judgment, or, if any appeal is filed and not dismissed, after such Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal, review by writ of certiorari or mandamus, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and Defendants do

- 25 -

not elect to terminate this Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review.

11.2    Upon the occurrence of all of the events referenced in ¶11.1 hereof, any and all remaining interest or right of the Defendants in or to the Settlement Fund, if any, shall be extinguished.

11.3    Defendants' counsel or Lead Counsel shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other Settling Parties within thirty (30) days of: (a) the Court's declining to enter the Preliminary Approval Order in any material respect; (b) the Court's refusal to approve this Stipulation or any material part of it; (c) the Court's declining to enter the Order and Final Judgment in any material respect; (d) the date upon which the Order and Final Judgment is modified or reversed in any material respect by any court; or (e) the date upon which an Alternative Judgment is modified or reversed in any material respect by any court. Lead Counsel shall also have the right to terminate the Settlement thirty (30) calendar days after Defendants' failure to timely pay the Settlement Amount.

11.4    In the event that the Settlement is terminated or fails to become effective in accordance with its terms for any reason, then the terms of ¶3.7 shall apply.

## 12.    No Admission of Wrongdoing

12.1    This Stipulation, all negotiations, statements, and proceedings in connection herewith and any act performed or document executed pursuant to, in furtherance of, or in connection with the Stipulation or the Settlement shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of the Lead Plaintiff, any Defendant, any Class Member, or any other Person, of any liability or wrongdoing of any nature whatsoever by them, or any of them, and shall not be offered or received in evidence in any civil, criminal or administrative action or proceeding in any court, administrative agency or other tribunal (except an action to enforce this

Stipulation and Settlement contemplated hereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature whatsoever, and shall not be construed as, or deemed to be evidence of, an admission or concession that Lead Plaintiff, any member of the Class, any present or former stockholder of Stolt-Nielsen, or any other Person, has or has not suffered any damage.

**13.    Miscellaneous Provisions**

13.1    All of the Exhibits attached to this Stipulation are material and integral parts hereof, and are hereby incorporated by reference as though fully set forth herein.

13.2    The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation; and (c) agree to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

13.3    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation, including all facts and claims that were asserted or which could be asserted by Lead Plaintiff and the Class Members against the Released Parties with respect to the Released Claims, and shall not be deemed an admission or concession of any nature whatsoever by any Settling Party as to the merits of any claim or defense. The Settling Parties agree that the amount paid to the Settlement Amount and the other terms of the Settlement were negotiated at arm's length in good faith by the Settling Parties, and reflect a Settlement that was reached voluntarily after consultation with experienced legal counsel. Lead Plaintiff, on behalf of himself and the Class, and Defendants, agree not to assert in any forum that the Litigation was brought by Lead Plaintiff or defended by Defendants in bad faith or without a reasonable basis. The Settling Parties shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Litigation, and the Order and

- 27 -

Final Judgment shall contain a provision that during the course of the Litigation, the Settling Parties and their respective counsel at all times hereto complied with and satisfied the requirements of Rule 11.

13.4    Defendants may file the Stipulation and/or the Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.5    All agreements made and orders entered during the course of this Litigation relating to the confidentiality of documents and information shall survive this Stipulation pursuant to their terms.

13.6    This Stipulation may not be modified or amended in any way, nor may any of its provisions be waived except by a writing signed by or on behalf of all Settling Parties or their respective attorneys, or successors-in-interest.

13.7    The headings and captions in this Stipulation are used for the purpose of convenience only and are not meant to have any legal effect on the meaning or interpretation of this Stipulation or any of its terms or provisions.

13.8    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court and the Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation and for the purpose of entering orders providing for awards of attorneys' fees and expenses to Plaintiffs' Counsel.

13.9    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

13.10  This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement among the Settling Parties concerning the settlement of the Litigation, and no representations, warranties, or inducements have been made by any party hereto concerning this Stipulation and its Exhibits and the Supplemental Agreement other than those contained and memorialized in such documents.  Except as provided herein, each Settling Party shall bear its own costs.

13.11  This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

13.12  This Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties.

13.13  The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of New York without regard to any choice of law principle, except to the extent that federal law requires that federal law governs.

13.14  This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

13.15  All counsel and any other Person executing this Stipulation and any of the Exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

- 29 -

13.16   Lead Counsel and counsel for Defendants agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order, the Stipulation, and the Settlement, and to agree upon and execute all such other documentation promptly as may be reasonably required to obtain final approval by the Court of the Settlement.

13.17   The Settling Parties and their counsel agree that they will refrain from disparaging the Settlement or each other with respect to the Litigation in any press releases of statements to the media, or in any other communications, and further agree that they may disclose the terms of the agreement as required by law.

13.18   The Settling Parties each warrant and agree that counsel of record for each Settling Party is authorized by that Settling Party to execute this Stipulation and all other agreements necessary to effectuate the Settlement.

13.19   The Settling Parties warrant and represent that they have not assigned or transferred, voluntarily or involuntarily, any claims, or any part thereof, that are subject to this Stipulation.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated July 1, 2009.

SCOTT + SCOTT LLP
DAVID R. SCOTT (CT 16080)

DAVID R. SCOTT

108 Norwich Avenue
Colchester, CT  06415
Telephone:  860/537-3818
860/537-4432 (fax)

Liaison Counsel

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

WHITE & CASE LLP
CHRISTOPHER M. CURRAN
J. MARK GIDLEY
PETER J. CARNEY
JAIME M. CROWE


                    JAIME M. CROWE

701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: 202/626-3600
202/639-9355 (fax)

DAY PITNEY LLP
MICHAEL P. SHEA
JASON S. WEATHERS
242 Trumball Street
Hartford, CT 06103-1213
Telephone: 860/275-0356
860/275-0343 (fax)

Attorneys for Defendants

Document1

- 31 -

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 6, 2009.

s/ Samuel H. Rudman
SAMUEL H. RUDMAN

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

E-mail:srudman@csgrr.com

# Mailing Information for a Case 3:03-cv-00409-DJS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Erin W. Boardman**
  eboardman@csgrr.com

- **Peter J. Carney**
  pcarney@whitecase.com

- **Erin Green Comite**
  ecomite@scott-scott.com,cmcgowan@scott-scott.com,jderrico@scott-scott.com

- **Jaime M. Crowe**
  jcrowe@whitecase.com

- **Christopher M. Curran**
  ccurran@whitecase.com

- **J. Mark Gidley**
  mgidley@whitecase.com

- **Amanda F. Lawrence**
  alawrence@scott-scott.com,efile@scott-scott.com

- **David A. Rosenfeld**
  Drosenfeld@csgrr.com,amartin@csgrr.com

- **Samuel H. Rudman**
  srudman@csgrr.com

- **David Randell Scott**
  drscott@scott-scott.com,cmcgowan@scott-scott.com,efile@scott-scott.com

- **Michael P. Shea**
  mpshea@DayPitney.com,kpbrooks@DayPitney.com

- **Jason S. Weathers**
  jsweathers@daypitney.com,kpbrooks@daypitney.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

Manual List
*Rucker v. Stolt-Nielsen S.A., et al.*
Civil Action No. 3:03-cv-00409-DJS

Richard P. Colbert
Day Pitney LLP
One Canterbury Green
Stamford, CT 06901